*E. P. Ferris,* for appellee.

———————•———————

## CARNIE and Another *v.* MURPHY.

HUSBAND AND WIFE.—WITNESS.—Upon the question whether the wife was a competent witness in a suit by husband and wife against a physician for malpractice in the treatment of the wife, the court was equally divided.

APPEAL from the *Vanderburgh* Circuit Court.

FRAZER, J.—In this case, husband and wife sued a physician for malpractice in the treatment of a diseased eye of the wife, the action sounding in tort. The court below refused to allow the wife to testify as a witness for the plaintiffs. The only question in the case is as to the correctness of this ruling. I am of the opinion that it was. correct, under the statute which prevents husband or wife from being a witness for or against each other, and that the judgment should be affirmed.

RAY, J.—I think that the ruling of the court below in excluding the evidence of the wife was correct. The judgment should therefore be affirmed.

GREGORY, J.—On the case made by the record in this case, and stated by FRAZER, J., I am of the opinion that the court below erred in excluding the wife from being a witness in her own behalf, and that the judgment ought therefore to be reversed.

ELLIOTT, C. J.—From the facts presented by the record in this case, I am of the opinion that the court erred in refusing to permit the wife to testify as a witness. The suit was brought in the name of the husband and wife for an injury to the wife, and if the husband had died during the pendency of the suit the right of action would have survived to the wife. If permitted to testify she would not have been a witness for her husband, within the meaning of the statute, but for herself. I think, therefore, that the judgment should be reversed.

*W. Harrow, J. F. Welborn* and *C. Denby*, for appellants.
*J. G. Jones* and *A. L. Robinson*, for appellee.