CRANE *v.* BUCHANAN and Another.

PLEADING.—COPY OF WRITING.—A complaint by the vendors of land against the vendee, alleging that the deed was in fact a mortgage, and that the vendee had resold for a sum in excess of the debt secured, and asking to recover such excess, is not founded upon the deed, and no copy need be set out.

DEED.—MORTGAGE.—A parol agreement that a deed, absolute in its form, shall stand only as a security for a debt, and that in case of a sale by the grantee, the excess over the amount of the debt shall be paid to the grantor, is not void as an attempt to create a trust by parol.

SAME.—EVIDENCE.—Parol evidence is admissible to show that a deed, purporting to pass an absolute title, was intended only as a mortgage to secure a debt.

SAME.—SALE BY GRANTEE.—A resale by the grantee to an innocent purchaser would pass a good title, but the grantor would be entitled to recover the excess above the debt intended to be secured by the deed.

HUSBAND AND WIFE.—WITNESS.—Where husband and wife are joined in an action, each is a competent witness in his or her own behalf, but the evidence of one cannot be considered in determining the issues as to the other.

APPEAL from the *Bartholomew* Circuit Court.

ELLIOTT, J.—In this case, *William Buchanan* and *Zorilda*, his wife, sued *Crane*, the appellant, to recover a sum of money alleged to be due them arising from the sale of certain real estate. A demurrer to the complaint having been overruled, issues were formed and tried by a jury, resulting in a verdict for the plaintiffs for $3,440. A motion for a new trial was made and overruled, and judgment on the verdict.

The first question presented by the appellant arises upon the ruling of the court in overruling the demurrer to the complaint. The allegations of the complaint are, in substance, as follows: In *March,* 1860, the plaintiff, *William Buchanan,* being indebted to *Crane,* in the sum of $6,000, for money paid by the latter for him, and *Crane* being desirous of being secured therein, it was agreed by and between them that the plaintiffs should convey to *Crane* certain real estate, which is described, by a deed of conveyance, abso-

lute on its face, but, in fact, only intended as a security for said debt, and that *Crane* should hold the same merely as such security, and that upon the payment of such sum and ten per cent. interest thereon, *Crane* should reconvey such lands to the plaintiffs. Or, if either party should sell the lands, the defendant should retain the sum of $6,000, with interest thereon to the date of such sale, and should pay to the plaintiffs the excess of the purchase money over said sum, and the interest thereon; that said *Zorilda* was the owner in fee of one-sixth of all the lands except one eighty-acre tract thereof, and that the whole of said lands were of the value of $10,000; that relying on said agreement, and the promises of the defendant, the plaintiffs did then and there execute to the defendant a deed of conveyance for the lands, as a security for said sum of $6,000, and interest thereon, and that the defendant so received, held and treated the same; that the plaintiffs, ever after the date of said deed, continued in the possession of the lands, and paid the defendant, from year to year, the interest in advance on said sum of $6,000, until the sale of the lands; that in 1864, "the parties sold and conveyed said lands to *Carr* and others for the sum of $9,000, cash in hand," the whole of which was received by the defendant, who fraudulently refuses to pay the plaintiffs the excess thereof over said sum of $6,000, though often requested so to do, "wherefore the plaintiffs pray judgment for $5,000, and all proper relief.

The first objection urged to the complaint is that a copy of the deed from the plaintiffs to the defendant should have been filed with the complaint. The suit is, in effect, for money had and received to the plaintiffs' use, and is not founded on the deed, within the meaning of section 78 of the code, and hence it was not necessary to file a copy of the deed with the complaint. It is further contended by the appellant that the facts stated in the complaint show that the land was conveyed to the appellant in trust, for the use and benefit of the grantors, as to the residue it might sell for, after paying the appellant $6,000, and that the deed,

being absolute on its face, and there being no written decla-
ration of the trust, it is void under the statute. In this
connection, it is further insisted that, whether the deed is
claimed as a conveyance in trust, or as a mortgage, there
being no written declaration of the trust or defeasance, the
deed must be taken to convey, as it imports, an absolute
fee, and that parol evidence was inadmissible to change
its legal effect, by showing it to be intended either as a
mortgage or a conveyance in trust.

The case presented by the complaint does not show that
the deed was intended to create a trust, within the mean-
ing of the statute, but that it was intended as a mortgage to
secure to the appellant the sum of $6,000.

That parol evidence is admissible to show that a deed,
absolute on its face, was intended to be a mortgage only,
and was executed as a security for the payment of money,
or the performance of some act, is too well settled by
repeated decisions of this court to be regarded as an open
question in this State. See *Aborn* v. *Burnett*, 2 Blackf. 101;
*Conwell* v. *Evill*, 4 *id.*, 67; *Blair* v. *Bass*, *id.*, 539; *Hay-
worth* v. *Worthington*, 5 *id.*, 361; *St. John* v. *Freeman*, 1 Ind.
84; *Wheeler* v. *Ruston*, 19 *id.*, 334; *Smith* v. *Parks*, 22 *id.*, 59.

But it is claimed that, though the deed was only intended
as a mortgage, yet, as the plaintiffs permitted the land to be
sold and conveyed by the appellant to a third party, with-
out notice, their remedy is gone, so far as treating their
deed to *Crane* as a mortgage is concerned; that by waiting till
after *Crane* sold and conveyed the land they waived their right
so to treat it. We do not so understand the law. The
rule is, "once a mortgage, always a mortgage." It is true,
that as the deed was absolute on its face, if *Crane* sold and
conveyed the land to an innocent purchaser, his title would
be good. The plaintiffs so treat it in their complaint;
indeed, they allege that the parties, that is, both the plain-
tiffs and defendant, sold the land to *Carr* and others for
$9,000; but if it was sold and conveyed by *Crane* alone,
still, as between him and the plaintiffs, the sale did not

change the character of their deed to him, and they were entitled to the surplus money realized from such sale, after paying the debt due to him, to secure which the deed was executed. The demurrer to the complaint was correctly overruled.

On the trial of the cause, the court permitted each of the plaintiffs to testify, not for or against each other, but for themselves. This ruling is also complained of. Their interests were not joint, but several, the wife being the owner, in her own right, of one-sixth of all the land, except one eighty-acre tract, and the husband of the residue. Their rights, however, grew out of the same transaction and the same cause of action, and they were properly joined as plaintiffs. The statute excludes the husband and wife from being witnesses " for or against each other," but not for themselves respectively, and when they are united in the same action, the evidence of one cannot be considered in determining the issues as to the other. *Albaugh* v. *James, ante* p. 398.

One other question remains to be considered. It is urged by the appellant that the court should have granted a new trial, for the reason that the verdict of the jury is not sustained by the evidence. We have carefully examined the evidence, and find it conflicting on some of the points involved in the case, but we cannot say that it does not justify the finding. It was the peculiar province of the jury to judge of the credibility of the witnesses, and if credit be given to the witnesses testifying in favor of the plaintiffs below, on the points on which there is a conflict, the verdict, we think, is clearly sustained by the evidence. We find nothing in the record to justify a reversal of the judgment, and therefore it must be affirmed.

The judgment is affirmed, with costs.

*C. E. Walker*, *R. Hill*, and *G. W. Richardson*, for appellant.

*F. T. Hord*, *W. Herod* and *W. W. Herod*, for appellees.