## WARD *v.* COLYHAN and Wife.

SLANDER.—*Pleading.*—An *innuendo* cannot change the ordinary meaning of language.

SAME.—*Code.*—The code has not changed the rule of pleading in slander set forth in *Hays* v. *Mitchell,* 7 Blackf. 117, that where the words spoken are not actionable *per se,* but are so by reason of their allusion to some extrinsic fact, or of their being used and understood in a sense different from their natural meaning, there should be a prefatory allegation of such extrinsic matter, or an explanation of such particular meaning of the words, and the *colloquium* should connect with this introductory matter the speaking of the words complained of, leaving to the *innuendo* its proper office of giving to the

Ward *v.* Colyhan and Wife.

words the construction borne by them in reference to the extrinsic fact, or to the explanation of their particular meaning.

CONTINUANCE.—*Absent Witness.*—*Diligence.*—*Facilities for Travel* An affidavit of a party for a continuance on account of the absence of a witness, filed on Friday, showed that the witness resided in Vigo county (where the cause was pending) and was temporarily absent, at Evansville, and that the affiant was not aware of the materiality of the witness until that week.

*Held,* that this did not show diligence in procuring the attendance of the witness.

*Held,* also, that this court is bound to know that a few hours will take a messenger from Terre Haute to Evansville.

HUSBAND AND WIFE.— *Witness.*—Upon the question whether the wife was a competent witness in a suit by husband and wife for slanderous words spoken of the wife, the court was equally divided.

APPEAL from the Vigo Circuit Court.

GREGORY, J.—Suit by husband and wife against the appellant for slanderous words spoken of the wife. The complaint is in two paragraphs. The first charges, that on, &c., Ward unlawfully and maliciously spoke the following false and slanderous words of the wife, that is to say: "She is a damned whore and a bitch."

The second charges, that on, &c., Ward said in the hearing of divers persons: "That he" (meaning Patrick Curly) "went to see her" (meaning Winafred Colyhan) "for that purpose" (meaning for the purpose of having criminal intercourse with her); which the plaintiffs say is false and slanderous.

The defendant demurred separately to each paragraph of the complaint. The demurrers were overruled by the court, and the defendant excepted.

The defendant then answered, first, by the general denial; second, that the words spoken by the defendant were spoken to the plaintiff, Patrick Colyhan, without malice; third, justification.

The plaintiffs replied by the general denial.

The defendant on Friday, the 25th judicial day of the term, filed his affidavit for a continuance, on account of the absence of a witness. The court refused to continue the case, and this is assigned as one of the causes for a new

trial. The affidavit shows that the witness resided in the county of Vigo; that he was temporarily absent, at Evansville; that the affiant was not aware of the materiality of the witness until that week.

The cause was tried by a jury. Verdict for the plaintiff. Motion for a new trial overruled, and judgment.

The court erred in overruling the demurrer to the second paragraph of the complaint. The words are not actionable *per se*; they could only be made actionable by proper averments. An *innuendo* cannot change the ordinary meaning of language. In the language of DEWEY, J., in *Hays* v. *Mitchell*, 7 Blackf. 117, the second paragraph of the complaint "is not so framed as to make the words stated a good cause of action. Something more than an *innuendo* was necessary for that purpose. An *innuendo* cannot aver a fact or change the natural meaning of language. There should have been a prefatory allegation of some extrinsic matter, or an explanation of the particular and criminal meaning of the words. This introductory matter having been stated, the *colloquium* should have connected with it the speaking of the words complained of, leaving to the *innuendo* its proper office of giving to those words that construction which they bore in reference to the extrinsic fact or explanation of their particular meaning." The code has not changed the rule on this subject.

The affidavit for a continuance was defective in not showing diligence in procuring the attendance of the absent witness. It is not shown when the witness left Vigo county for Evansville. He may have left the very day on which the affidavit was filed. The defendant was aware of the importance of the witness for four or five days, ample time to have sent to Evansville for him, had he been absent the entire week, by the ordinary mode of travel. This court is bound to know that a few hours would have taken a messenger from Terre Haute to Evansville.

There is another question in the record upon which this court is equally divided. See *Carnie* v. *Murphy*, 28 Ind. 88.

The judgment is reversed, and the cause remanded, with directions to sustain the demurrer to the second paragraph of the complaint, and for further proceedings.

*W. Mack* and *J. M. Allen*, for appellant.

*S. Davis* and *W. E. McLean*, for appellee.