## MOUSLER and Wife *v.* HARDING.

SLANDER.—*Malice.*—*Defense.*—To render slanderous words actionable, malice is essential; but where words actionable in themselves are spoken in a criminal sense and are false, malice is implied. The fact that they are spoken in the heat of passion or under excitement may be shown in mitigation, but cannot bar the action.

SAME.—*Husband and Wife.*— *Witness.*—In an action against husband and wife for slanderous words spoken by the wife;

*Held*, that the wife was a competent witness in her own behalf.

*Held*, also (ELLIOTT, J., dissenting), that the husband was a competent witness for himself.

APPEAL from the Ripley Circuit Court.

This was an action by Sarah A. Harding, the appellee, against the appellants, Herman Mousler and Nancy, his wife, for slanderous words spoken by said Nancy of the plaintiff.

An answer was filed consisting of four paragraphs. The first was a general denial. The second and third were in mitigation of damages, upon which issues were formed.

The fourth paragraph was pleaded in bar of the action, and alleged, that, before the uttering of the words stated in

the complaint, the plaintiff, in the presence of Mrs. Nelly Stening and other persons, stated that she loved said Herman and detested said Nancy; that she and said Herman were on the most intimate terms, and that said Herman visited her at her room, and she could and would separate the said Nancy and Herman. Which statements came to the knowledge of said Nancy, and she, being greatly provoked and grieved thereby, uttered said words without malice, wherefore, &c. A demurrer was sustained to this paragraph; to which the appellants excepted.

The trial of the cause by a jury resulted in a verdict for the plaintiff for two hundred dollars. A motion by the appellants for a new trial was overruled, to which proper exception was taken; and judgment was rendered on the verdict.

ELLIOTT, J.—The ruling of the circuit court in sustaining a demurrer to the fourth paragraph of the appellants' answer presents the first question upon which a reversal of the judgment is claimed.

That paragraph admits the speaking of the slanderous words charged in the complaint, but fails to justify them, or show by the averment of proper facts that they were not spoken in the slanderous sense charged in the complaint. The fact alleged in the paragraph, that the words were spoken when said Nancy was provoked and excited by what she was informed had been said concerning her and her husband, by the plaintiff, is not sufficient to rebut the presumption of malice arising from the speaking of the slanderous words charged, they being false in fact. That the words were spoken in the heat of passion or under excitement, might properly be shown in mitigation of damages, but not in bar of the action.

The appellants requested the court to instruct the jury as follows:

"1st. If, upon a consideration of the whole evidence, it

appears that the words were spoken in the heat of passion, without malice, and, if repeated, were repeated without malice, you should find for the defendants."

"2d.    While the speaking of actionable words implies malice, it is still proper that you consider all the evidence in the case in determining the question whether the words that may have been proved to have been uttered were uttered maliciously or not.    If they were not uttered maliciously, you should find for the defendants."

The instructions were refused, to which the appellants excepted.    This ruling of the court is also urged as being erroneous.

We think there was no error in refusing to give the instructions as asked.    They involve the same question, in substance, as that presented by the fourth parargraph of the answer, and what has been said in discussing that paragraph applies with equal force to these instructions.    It is true, that malice is essential to render slanderous words actionable, but it is now the settled doctrine, that when words actionable in themselves are spoken in a criminal sense and are false, malice is implied from the speaking.

The instructions given by the court to the jury are in the record, and contain a full and fair statement of the law arising upon the pleadings and evidence in the case.

The only remaining questions in the case are based on the refusal of the court to permit either of the appellants to testify as a witness in the case.

It appears by a bill of exceptions that, at the proper time, the appellant Nancy offered herself as a witness in her own behalf in said cause, and offered to testify to the facts in mitigation of damages, set forth in the second and third paragraphs of the answer, and also that the slanderous words imputed to her in the complaint were not spoken by her; but the plaintiff objected to her being permitted to testify in the cause, for the reason, that, being the wife of Herman Mousler, the other defendant in the action, she was not a competent witness to prove any fact in the cause

on behalf of the defense, which objection the court sustained, and refused to permit her to testify as to any fact for the defense.

The appellant Herman also offered himself as a witness in his own behalf on said trial, and also offered to testify to the facts alleged in mitigation of damages in the second and third paragraphs of the answer, and that at the time said Nancy uttered the slanderous words charged in the complaint, she was laboring under great excitement, occasioned by rumors of certain defamatory words said to have been spoken by the plaintiff of her, said Nancy, and further, that he caused said Nancy to go with a mutual friend to the person to whom the words were spoken, to retract the same. But the evidence was rejected by the court, on the ground that said Herman, being the husband of his co-defendant, was not a competent witness in the case for the defense, and could not be permitted to testify therein to any fact for the defense. Proper exceptions were taken to these rulings.

The statute excludes the husband and wife as witnesses "for or against each other," but does not prohibit each from testifying in his or her own behalf; and when they are united in the same action, the evidence of one of them cannot be considered in determining the issue for the other.

In this case, we all concur in the opinion that the wife was a competent witness in her own behalf, and three of the judges unite in the opinion that the husband was also a competent witness for himself. In this opinion I cannot concur.

In *Carnie* v. *Murphy*, 28 Ind. 88, which was an action by husband and wife against a physician for malpractice in the treatment of the wife, the action sounding in tort, the court was equally divided on the question as to the right of the wife to testify as a witness.

And so in *Ward* v. *Colyhan*, 30 Ind. 395, which was a suit by husband wife for slanderous words spoken of the wife, this court was equally divided, as to the right of the wife to testify as a witness in her own behalf.

But in the case of *Albaugh* v. *James*, 29 Ind. 398, which was a suit against husband and wife, for the abduction of the wife of the plaintiff, it was held, that the defendants had each the right to testify in his or her own behalf, and that the fact that the testimony of one might tend to benefit the other is no reason for excluding the evidence; but it would be the duty of the court, by instructions, if asked, to limit the effect of the testimony to the case of the party testifying.   See, also, *Crane* v. *Buchanan*, 29 Ind. 570.

In the case now before us, the cause of action is against the wife, for slanderous words spoken by her.   The husband is properly joined as a party, and is responsible for the damages that may be recovered, but his liability is simply an incident of the marriage relation, and not for any act of his own; and if he should die pending the suit, the action would survive against the wife alone, and not against his personal representatives.   The facts to which the husband offered to testify were in mitigation of the damages, and relate exclusively to the wife and her conduct, except the fact that the husband caused the wife to go the person to whom she had uttered the slanderous words and retract the same; but this act of the *husband*, however meritorious, could not go in mitigation of the damages, and hence was not proper evidence.   *Yeates* v. *Reed*, 4 Blackf. 463. If the words were spoken in the heat of passion, and the wife afterwards went to the person to whom they were uttered and retracted the slanderous charge, such facts would be proper evidence for the wife in mitigation of damages. All the proper facts offered to be proved by the husband, in mitigation of damages, were direct evidence for the wife, and not for the husband, except as they might incidentally and unavoidably tend to release his liability resulting from the marital relation.   The wife, in my opinion, had the right to testify, because the cause of action is directly against her, and for her individual act, and she would therefore be testifying directly for herself; and the fact that her evidence might incidentally and unavoidably tend to benefit the hus-

band, would be no reason for excluding it. But the husband's position is just the reverse; his evidence would be directly for the wife, and only incidentally for himself, and for that reason would, in my opinion, be incompetent.

Judgment reversed, with costs, and the cause remanded for a new trial.

*W. S. Holman*, for appellants.

*S. M. Jones* and *J. W. Gordon*, for appellee.