*C. D. Thompson*, for appellants.

———————————●———————————

## BENNIFIELD ET UX. *v.* HYPRES ET UX.

MARRIED WOMAN.—*Witness.*—*Slander.*—In an action by husband and wife against a married woman and her husband for slanderous words spoken by the *feme covert* defendant of the *feme covert* plaintiff, each of the married women is a competent witness in her own behalf.

APPEAL from the Hendricks Circuit Court.

BUSKIRK, C. J.—This was an action by Sarah F. Bennifield

and James R. Bennifield, her husband, against Eppa Jane Hypres and Samuel Hypres, her husband, for slanderous words spoken by Eppa Jane Hypres, of and concerning the character of Sarah F. Bennifield for chastity and virtue.

The defendants answered in four paragraphs; first, the general denial; second and third, matters in mitigation of damages; the fourth justified the speaking of the words charged in the complaint. There was a reply in denial of the affirmative paragraphs of the answer.

There was a trial by a jury, and a verdict in favor of the plaintiffs for one cent damages. The plaintiffs moved for a new trial, which was overruled, and an exception taken to the ruling. The plaintiffs appeal.

There is but one error relied upon by the appellants for the reversal of the judgment. The appellees have assigned one cross error. There is but one question presented by the record for our decision, as error and cross error present the same question. That question is this: On the trial of the cause, Eppa Jane Hypres offered herself as a witness in her own behalf. The appellants objected, on the ground that as she and her husband were both defendants, she could not testify for herself without testifying for her husband; and that, therefore, she was an incompetent witness. The court sustained the objection and excluded the evidence. To which ruling the appellees excepted, and have reserved the question by a bill of exceptions.

When the plaintiffs were offering their rebutting evidence, Mrs. Sarah F. Bennifield offered herself as a witness in reference to matters testified to by the witnesses on behalf of the defendants. Thereupon the defendants objected, on the ground that Sarah F. Bennifield and James R. Bennifield, her husband, were both plaintiffs, and that she could not testify in her own behalf without, at the same time, testifying for or against her husband, who was her co-plaintiff. The objection was sustained by the court, and the evidence was excluded, and the plaintiffs excepted and present the question by a bill of exceptions.

The question, therefore, which is presented for our decision is, whether Mrs. Bennifield and Mrs. Hypres, or either of them, were competent witnesses on the trial of said cause.

It is provided by the first section of "an act defining who shall be competent witnesses," etc. (approved March 11th, 1867), that, "any person, party in a civil action, may testify in his own behalf, or in behalf of any other party or parties therein, and any one person or party in a suit may compel any other person or party therein to testify under the same regulations as other witnesses may be compelled, and the interest in the suit of any witness shall be regarded only as to his or her credibility, and shall not affect his or her competency." 3 Ind. Stat. 559.

The second section of said act contains certain exceptions or qualifications of the general rule stated in the first section, and among them is the following: that husband and wife shall be incompetent to testify "as to matters for or against each other, or as to communications made to each other during marriage, except that the wife shall be a competent witness in cases of prosecutions against the husband for assault and battery upon the person of his wife; and except also that in suits by the husband and wife jointly for an assault and battery upon the wife, such wife shall be a competent witness to prove the assault and battery."

The rule was well settled, at common law, that a party to an action, or one who had a pecuniary interest in the result of an action, was incompetent to testify as a witness in such action. It was also the settled rule, at common law, that husband and wife were excluded from testifying "for or against each other;" and the reason of the rule, as generally stated by the text writers and in the adjudged cases is, the necessity of preserving the confidence of the conjugal relation, and the peace and harmony of families, and not at all upon the existence in the party offered as a witness of an interest in the event, independent of that which the law may attribute to him by reason of the marriage relation.

*Hasbrouck* v. *Vandervoort*, 5 Seld. 153; *Barber* v. *Goddard*, 9 Gray, 71; *Davis* v. *Allen*, 9 Gray, 322; *Shoeffler* v. *The State*, 3 Wis. 823.

But it is insisted that Mrs. Bennifield was the real party to the action, as it was brought to recover damages sustained by her in her character and reputation; that her husband was a necessary party under our statute; that if her husband had died before judgment, the action would have survived to her; and that, as she was not rendered incompetent by reason of being a party to the suit, she had the right to testify in her own behalf.

But it is maintained, on the other hand, that her husband was not only a proper but a necessary party; and that any judgment which might be recovered would belong to him, and not to her; and that, consequently, she would have testified for her husband.

The precise question involved in this case is one upon which the late judges composing this court have been divided in opinion.

The question was raised for the first time in the case of *Carnie* v. *Murphy*, 28 Ind. 88. The judges were equally divided, and they certified a division of opinion. At the next term each of the judges delivered an opinion. We will reproduce the opinions of FRAZER, J., and ELLIOTT, C. J.:

"FRAZER, J.—In this case, husband and wife sued a physician for malpractice in the treatment of a diseased eye of the wife, the action sounding in tort. The court below refused to allow the wife to testify as a witness for the plaintiffs. The only question in the case is as to the correctness of this ruling. I am of the opinion that it was correct, under the statute which prevents husband or wife from being a witness for or against each other, and that the judgment should be affirmed."

RAY, J., concurred in the above opinion.

"ELLIOTT, C. J.—From the facts presented by the record in this case, I am of the opinion that the court erred in refusing to permit the wife to testify as a witness.

"The suit was brought in the name of the husband and wife for an injury to the wife, and if the husband had died during the pendency of the suit, the right of action would have survived to the wife. If permitted to testify, she would not have been a witness for her husband, within the meaning of the statute, but for herself. I think, therefore, that the judgment should be reversed."

GREGORY, J., concurred in the above opinion.

The question, in a slightly different form, next came before the court in the case of *Albaugh* v. *James*, 29 Ind. 398. GREGORY, C. J., in delivering the opinion of the court, says:

"This was a suit by James against the appellants, husband and wife, for the abduction of the wife of the plaintiff. Each of the defendants was offered as a witness in his and her own behalf. The husband was allowed to testify that he had nothing to do with the abduction, but was not allowed to state the circumstances under which the plaintiff's wife left him. The wife was excluded. This action of the court was one of the causes assigned for a new trial.

"The defendants had each the right to testify in their own behalf. Because the testimony of the husband might benefit the wife, and that of the wife might benefit the husband, is no reason for excluding the evidence. It would, however, be the duty of the court, by instructions, if asked, to limit the effect of the testimony to the case of the party testifying. When a party is sued, he or she has the right to testify in his or her own behalf; and a plaintiff cannot deprive a defendant of this right by joining husband and wife in the same suit. A husband could not call a wife to testify for him, nor could a plaintiff call her to testify against her husband, but a husband and wife jointly sued may each testify in their own behalf. The court below erred in overruling the motion for a new trial."

The case of *Crane* v. *Buchanan*, 29 Ind. 570, was an action by husband and wife to recover the value of certain lands, one-sixth of which belonged to the wife, except eighty acres, and the balance to the husband. Upon the competency of the husband and wife as witnesses, this court says: "On

the trial of the cause, the court permitted each of the plaintiffs to testify, not for or against each other, but for themselves. This ruling is also complained of. Their interests were not joint, but several, the wife being the owner, in her own right, of one-sixth of all the land, except one eighty-acre tract, and the husband of the residue. Their rights, however, grew out of the same transaction and the same cause of action, and they were properly joined as plaintiffs. The statute excludes the husband and wife from being witnesses ' for or against each other,' but not for themselves respectively, and when they are united in the same action, the evidence of one cannot be considered in determining the issues as to the other. *Albaugh* v. *James, ante,* 398."

The case of *Ward* v. *Colyhan,* 30 Ind. 395, was an action by husband and wife against the appellant, for slanderous words spoken of the wife. We are unable to determine from the opinion of the court whether the testimony of the husband and wife was admitted or excluded. The only reference to the question under decision is as follows: " There is another question in the record upon which this court is equally divided. See *Carnie* v. *Murphy,* 28 Ind. 88."

The question was again involved in the case of *Mousler* v. *Harding,* 33 Ind. 176, which was an action by Sarah A. Harding, the appellee, against the appellants, Herman Mousler and Nancy, his wife, for slanderous words spoken by said Nancy of the plaintiff.

The opinion was delivered by ELLIOTT, J., who says: "The only remaining questions in the case are based on the refusal of the court to permit either of the appellants to testify as a witness in the case.

"It appears by a bill of exceptions that, at the proper time, the appellant Nancy offered herself as a witness in her own behalf in said cause, and offered to testify to the facts in mitigation of damages, set forth in the second and third paragraphs of the answer, and also that the slanderous words imputed to her in the complaint were not spoken by her; but the plaintiff objected to her being permitted to testify in the

cause, for the reason, that, being the wife of Herman Mousler, the other defendant in the action, she was not a competent witness to prove any fact in the cause on behalf of the defence, which objection the court sustained, and refused to permit her to testify as to any fact for the defence.

"The appellant Herman also offered himself as a witness in his own behalf on said trial, and also offered to testify to the facts alleged in mitigation of damages in the second and third paragraphs of the answer, and that at the time said Nancy uttered the slanderous words charged in the complaint, she was laboring under great excitement, occasioned by rumors of certain defamatory words said to have been spoken by the plaintiff of her, said Nancy, and further, that he caused said Nancy to go with a mutual friend to the person to whom the words were spoken, to retract the same. But the evidence was rejected by the court, on the ground that said Herman, being the husband of his co-defendant, was not a competent witness in the case for the defence, and could not be permitted to testify therein to any fact for the defence. Proper exceptions were taken to these rulings.

"The statute excludes the husband and wife as witnesses 'for or against each other,' but does not prohibit each from testifying in his or her own behalf; and when they are united in the same action, the evidence of one of them cannot be considered in determining the issue for the other.

"In this case, we all concur in the opinion that the wife was a competent witness in her own behalf, and three of the judges unite in the opinion that the husband was also a competent witness for himself. In this opinion I cannot concur."

The learned judge who delivered the opinion of the court, in a subsequent part of the opinion explained the grounds of his dissent from the opinion of the court as to the competency of the husband. It is too lengthy to quote it all, but we will reproduce enough to explain his position. He says:

"All the proper facts offered to be proved by the husband,

in mitigation of damages, were direct evidence for the wife, and not for the husband, except as they might incidentally and unavoidably tend to release his liability resulting from the marital relation.   The wife, in my opinion, had the right to testify, because the cause of action is directly against her, and for her individual act, and she would therefore be testifying directly for herself; and the fact that her evidence might incidentally and unavoidably tend to benefit the husband, would be no reason for excluding it.   But the husband's position is just the reverse; his evidence would be directly for the wife, and only incidentally for himself, and for that reason would, in my opinion, be incompetent."

It is very obvious, from the foregoing review of the decisions of this court, that the late judges of this court were not very harmonious.   The court was equally divided. They had so harmonized their conflicting views, that in the case last cited, all the judges were of the opinion that Mrs. Mousler was a competent witness, and three were of the opinion that the husband was also a competent witness. The judges of this court, as at present constituted, were divided on the question in the case of *Newhouse* v. *Miller* 35 Ind. 463.   The same conflict of opinion exists in other states, under statutes similar to ours.   The legislature of Massachusetts relieved the courts of that state, by enacting that where husband and wife were parties, they might testify for or against each other.

The Supreme Court of Iowa was driven to the expedient of holding, that as the law was enacted to preserve the peace of families, the wife might testify for or against the husband when he consented, and that the husband might testify for or against the wife when she consented.

The question is one of great practical importance, as it is constantly arising in the courts all over the state.   We have felt the necessity of harmonizing our conflicting views, and we have done so, far enough to agree upon a unanimous opinion in this case.   Neither Mrs. Bennifield nor Mrs. Hypres was incompetent by reason of being a party to the

action, or by having a pecuniary interest in the result of the suit. It is only claimed that they were incompetent because they were married women, and their husbands were also parties to the action.

Mrs. Bennifield was the meritorious party to the action, as the action was brought to recover the damages which she had sustained by the injury to her reputation. If her husband had died before the rendition of judgment, the cause of action would have survived to her; and if her husband did not collect the judgment during his life, it would then belong to her.

On the other hand, Mrs. Hypres was the real and substantial party in interest. The utterance of alleged slanderous words by her was the foundation of the action. Her property was primarily liable for the payment of any judgment that might be recovered. The liability of her husband was only contingent. Sec. 4, 1 G. & H. 374.

We have arrived at the conclusion, that both Mrs. Bennifield and Mrs. Hypres had the right to testify in their own behalf; and that the fact that their testimony might, incidentally, remotely, or contingently, benefit or prejudice their husbands, would constitute no valid reason for excluding them.

The judgment is reversed; and the cause is remanded, with directions for further proceedings in accordance with this opinion; and the judgment being reversed on both error and cross error, the costs shall be paid equally by the parties.

*L. Ritter, C. C. Nave,* and —— *Nave,* for appellants.

*R. P. Parker,* for appellees.