IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1874, IN THE FIFTY-EIGHTH
YEAR OF THE STATE.

———————•———————

## ROGERS *v.* ROGERS ET UX.

NEW TRIAL.—*Evidence.*—A motion for a new trial on the ground of the admission of incompetent testimony must point out the particular evidence objected to. It is not sufficient to refer to it as the evidence shown by the bill of exceptions to have been objected to, especially when the bill of exceptions has not been filed.

SAME.—*Conflicting Evidence.*—The Supreme Court will not reverse a judgment on the weight of evidence, where the evidence is conflicting.

SAME.—*Instructions.*—One cause alleged for a new trial was, that the court gave erroneous instructions to the jury; another, that the jury disregarded the instructions of the court.

*Held,* that the objections were too general. The particular instructions objected to should have been pointed out.

*Held,* also, that the complaining party could not have been injured in consequence of the disregard by the jury of erroneous instructions.

SAME.—It is not error to refuse instructions proper in themselves, if the same matter is substantially embraced in other instructions given by the court.

WITNESS.—*Married Woman.*—In an action against husband and wife, where her property interests, as well as those of the husband, are involved, she is a competent witness in her own behalf, and her testimony for herself is not to be disregarded because it may incidentally benefit her husband.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett,* for appellant.

*J. A. Harrison* and *J. W. Sansberry,* for appellees.

PETTIT, J.—The appellee Edward H. Rogers made a note to the appellant, Stephen H. Rogers, for seven thousand dollars, and the other appellee, Mary J. Rogers, wife of Edward H. Rogers, joined in a mortgage on certain lands, to secure the payment of the note, she in her own separate right owning part of the lands, and she and her husband jointly owning the other lands mortgaged.

The first and principal question is, was the note and mortgage given to secure and be assigned as collateral for a debt owing by the appellant and Edward H. Rogers, one of the appellees, to a third person? This question was, on two different trials by a jury, determined in the affirmative. On the last finding of the jury, the appellant moved for a new trial, for these reasons :

" 1. The verdict of the jury in favor of the defendants, Edward H. and Mary J. Rogers, and against the defendant, Stephen Rogers, on his cross complaint, is not sustained by sufficient evidence.

" 2. The verdict of the jury in favor of Edward H. and Mary J. Rogers, and against the defendant, Stephen Rogers, is contrary to law.

" 3. The jury in finding for Edward H. and Mary J. Rogers, on the cross complaint of the defendant, Stephen H. Rogers, disregarded the instructions of the court.

"4. The court erred in admitting on the trial of said cause, over the objection of the defendant, Stephen H. Rogers, the testimony of Mary J. Rogers, the wife of the defendant Edward H. Rogers, which was excepted to at the time.

" 5. The court erred in admitting, over the objection of the defendant, Stephen H. Rogers, other evidence on the part of Edward H. Rogers and Mary J. Rogers, as shown by the bill of exceptions herewith filed, and excepted to at the time.

Rogers *v.* Rogers *et ux.*

"6. The court erred in the instructions given to the jury, numbered 2, 6, 8, and 9, which were excepted to at the time by the said defendant, Stephen H. Rogers.

"7. The court erred in refusing to give instructions to the jury asked for by the defendant, Stephen H. Rogers, numbered 1, 2, and 3, which he excepted to at the time."

We dispose of the fifth cause for a new trial by saying that it does not point out what other evidence was improperly admitted; and, as to the bill of exceptions referred to, it was not filed for eighty-four days after the motion for a new trial was made, and overruled. We will not, therefore, further notice this cause, or reason, for a new trial.

The assignments of error are numerous in form, but there is but one in law, and that is for overruling the motion for a new trial; all others are mere causes, or reasons, for a new trial. We will proceed to consider the causes for a new trial properly pointed out.

As to the first cause, or reason, for a new trial, we have to say, that the evidence is long, all of which we have read and fully considered, as shown by the bill of exceptions. As it is presented to us, it is strongly and utterly conflicting, but we think it fully justifies and warrants the finding of the jury; hence, we cannot say that the verdict is not sustained by sufficient evidence.

As to the second reason for a new trial, we cannot see that the verdict is contrary to law.

This is a family quarrel; brothers, sisters, uncles, aunts, and cousins, swearing against each other, in which we have no interest but to find and decide the law between them, as the questions are presented to us.

As to the third reason for a new trial, which says that the jury disregarded the instructions of the court, but does not show in what particular, and as the sixth cause says that the court erred in giving instructions, we cannot see how the appellant was injured by the jury disregarding the instructions erroneously given against him.

As to the fourth cause for a new trial, we say that Mary

J. Rogers was the owner in her own right of more than one--half of the lands mortgaged, and had a right under many decisions of this court to testify in her own behalf. It must be noticed, that it is not objected that her evidence was for her husband, but only to her right to testify as a witness. *Bennifield* v. *Hypres*, 38 Ind. 498.

The sixth cause for a new trial was for giving the second, sixth, eighth, and ninth instructions, which are as follows:

" No. 2. The original plaintiff, James Hill, has heretofore had a verdict returned in his favor for the sum of one thousand six hundred and twenty-two dollars and forty-eight cents, being the amount of the balance of the loan of three thousand six hundred and ninety-two dollars and fifty-four cents, made by said Hill to Stephen H. Rogers and Edward H. Rogers, on January 30th, 1869, and evidenced by two promissory notes, dated on that day and executed by said S. H. and E. H. Rogers; and said plaintiff has now no interest in the issues in this cause requiring your consideration, or a verdict at your hands. The questions now involved, and which you are to try and make a verdict upon, are the issues raised in the pleadings between Stephen H. Rogers and Edward H. Rogers, and Mary J. Rogers, his wife. Your first and principal inquiry then will be, what was the consideration of the seven-thousand-dollar note, and mortgage to secure it, described in the complaint of the plaintiff Hill, and admitted to have been made by the answers of Stephen H. Rogers and Edward H. Rogers, and Mary J. Rogers, his wife? The making of a promissory note for a sum of money, or the making of a mortgage, creates a legal presumption that there was a sufficient consideration for the making of such note or mortgage; but such legal presumption is not conclusive, and does not prevent the person who has made such note or mortgage from pleading and proving that the consideration for which the note or mortgage was made has wholly failed, or was insufficient at the time of the making of the note or mortgage to support it; but when the maker of the note or mortgage attempts to avoid it on account of

the failure or insufficiency of the consideration, he must show by a preponderance of the evidence in the cause, that the consideration has failed, or was insufficient to support such note or mortgage.

"In this cause, on the issues now before you between Stephen H. Rogers and Edward H. Rogers and his wife, Mary J. Rogers, the latter, viz., Edward H. and Mary J. Rogers, must prove, by a preponderance of all the evidence in the cause, that the note of seven thousand dollars, and the mortgage to secure it, executed by them, was made for the only purpose of being transferred by Stephen H. Rogers to James Hill, to secure Hill in the loan of three thousand six hundred and ninety-two dollars and fifty-four cents, loaned by Hill to S. H. and E. H. Rogers, and if they have proven by a preponderance of all the evidence given in the cause, that the only consideration for the note of seven thousand dollars, and the mortgage to secure it, was the money loaned by Hill, then you must find for the said Edward H. Rogers and Mary J. Rogers, his wife.

"No. 6. If you find, from the preponderance of the evidence, that Mary Jane executed the mortgage, with and under the understanding and agreement between her and Stephen Rogers at the time, that it was only to be used as collateral security for money about to be borrowed from James Hill by Stephen Rogers and her husband, and that it was given for no other consideration, as alleged by her in the second paragraph of her separate answer, then you must find for her.

"No. 8. In this cause, Stephen H. Rogers is a competent witness for himself, and Edward H. Rogers is a competent witness for himself, and Mary J. Rogers is a competent witness for herself; but Edward H. Rogers is not a competent witness for his wife, neither is Mary J. Rogers a competent witness for her husband, Edward H. Rogers. Admissions made by Edward H. Rogers are not evidence against his wife, and admissions made by Mary J. Rogers are not evidence against her husband; but the evidence given by

Edward H. Rogers in his own behalf cannot be excluded from your consideration, if you believe his statements true, because they may incidentally benefit his wife; neither can the statements made by Mary J. Rogers in her behalf be excluded from your consideration, if you believe her statements true, merely because they may incidentally benefit her husband. Admissions made by Edward H. Rogers which tend to support the cross complaint of Stephen H. Rogers cannot be excluded from your consideration merely because they may incidentally affect the rights of Mary J. Rogers, his wife; neither can admissions made by Mary J. Rogers, which tend to support Stephen H. Rogers' cross complaint, be excluded because they may incidentally affect the rights of her husband, Edward H. Rogers." *Bennifield* v. *Hypres, supra.*

"No. 9. You are the exclusive judges of the credibility of all witnesses who have testified in this cause, and of the amount of credit to be given to the statements of each and every witness who has been introduced in this cause.

"If you meet with conflicts in the testimony, you should first endeavor to reconcile them, if you can so construe the evidence as to believe all the statements of all the witnesses; but if you cannot, then you are the exclusive judges of the credibility of each witness, and of the effect you will give to his statements; you are not bound to believe what a witness has said merely because he has sworn to it. In determining the credibility of a witness, you should consider his testimony, and see whether it is in itself contradictory, or contradicted by other creditable witnesses; whether the statements he makes are reasonable or unreasonable; whether they are consistent with each other, or the facts and circumstances established in the evidence before you; his manner of testifying, his cross-examination, the bias or prejudice he manifested while testifying in favor of the party introducing him; his willingness to testify for that party, or willingness to state any facts favorable to the opposite party; his interest in the event of the suit; compare his evidence with all the

Rogers *v*. Rogers *et ux*.

other facts and circumstances in proof before you; his recollection, whether good or bad, clear or indistinct, concerning the fact he testified about; his opportunity of knowing the fact; the attention he gave it at the time; the relation any witness may sustain to the transaction about which they have testified; also the relation any witness may sustain to any party in interest in this suit, whether that of husband or wife of either party in interest, or a child of a party in interest; and whether or not any witness was of sufficient age at the time of the occurrence of the facts about which they have testified to comprehend and remember the facts they have narrated before you, from the date of their occurrence to the present time; and whether or not any witness has been under the influence of either party in interest so as to bias their statements while testifying; and from these considerations you should determine for yourselves what witness you will believe, and what disbelieve. That the greater number of witnesses testify to the same effect upon any controverted question, does not necessarily create a preponderance of evidence.

"A witness's testimony may, in itself considered, or when compared with other proven or admitted facts, be so unreasonable that very little, or even no weight at all can be given it."

Stephen H. Rogers, the appellant, who answered by cross complaint, asked the court to give the following instructions to the jury, to wit:

"1. The evidence of Mary J. Rogers, the wife of the defendant Edward H. Rogers, cannot be received as testimony for the benefit of her husband; and so far as the same goes to his benefit, her evidence must be disregarded by the jury. She can testify only in her own behalf, and as to matters affecting her separate property; and the evidence of the wife cannot be considered by the jury in determining the issues in favor of the husband.

"2. The evidence of Edward H. Rogers, the husband of the defendant Mary J. Rogers, cannot be received as testimony for the benefit of his wife; and so far as the same goes

to her benefit, his evidence must be disregarded by the jury. He can testify only in his own behalf, and as to matters affecting him; and the evidence of the husband cannot be considered by the jury in determining the issues in favor of his wife.

" 3. If the jury believe from the evidence, that the seven-thousand-dollar note and the mortgage was made to Stephen H. Rogers, to secure him in an indebtedness due to Stephen Rogers, to be determined by subsequent settlement, such was a consideration for said note and mortgage to the amount of such indebtedness; and if any indebtedness afterward accrued to Edward H. Rogers, on account of the sale of the farm to Stephen H. Rogers by Edward H. Rogers, such indebtedness as may have accrued on account of the sale of said farm, if after the making of said seven-thousand-dollar note and mortgage, cannot under the issues in this case be considered by the jury."

There was no error in giving instructions 2, 6, 8, and 9, above. They very clearly and explicitly express the law on the points of which they speak. Nor was there error in refusing to give instructions 1, 2, and 3, asked by the appellant. The first and second instructions asked and refused had been fully given in substance, and more properly in form, in instruction No. 6 above.

The third instruction asked is substantially covered by a part of the eighth instruction given, *supra;* but it is fully and clearly covered by the fifth instruction given, in these words :

" No. 5. If the jury find that the note and mortgage for seven thousand dollars were executed by Edward H. Rogers and wife to Stephen H. Rogers as evidence of indebtedness, or for a debt then owing to him, and to secure the payment of the same, any subsequent accruing indebtedness arising out of sale of farm, or set-off which may have been claimed by the defendant Edward H. Rogers, in his evidence, cannot be considered or allowed in this case, because not pleaded in the answer of Edward H. Rogers in this action."

There is no error assigned for which the judgment should be reversed.

The judgment is affirmed, at the costs of the appellant.

DOWNEY, J., was absent on account of his having been consulted as counsel before his election.