Farman *v.* Lauman *et al.*

———————

No. 7788.

FARMAN *v.* LAUMAN ET AL.

HUSBAND AND WIFE.—*Injury to Wife.*—*Witness.*—*Damages.*—Under section 1 of the act of March 11th, 1867, 2 R. S. 1876, p. 132, a wife is a competent witness in an action by her and husband to recover damages for a personal injury to herself.

PRACTICE.—*Evidence.*—*Objection.*—In such action, an objection, at the conclusion of the testimony of a witness, given in narrative form, that the "defendant excepts to all the evidence in reference to damages to clothing, medical attendance," etc., is insufficient to reserve any question for the decision of the Supreme Court.

SAME.—*Exception to Exclusion of Evidence.*—In order to save an exception to the action of the court in excluding questions asked a witness, an offer should be made to prove the facts sought to be elicited.

SAME.—*Attorney.*—*Argument to Jury.*—*Change of Venue.*—The fact that the venue of a cause had been changed is not a proper subject to be mentioned or commented upon by counsel in the argument to the jury.

SAME.—*Objection.*—*Exception.*—*Supreme Court.*—An objection, not followed by an exception, is not available on appeal to the Supreme Court.

EXEMPLARY DAMAGES.—*Assault and Battery.*—*False Imprisonment.*—Exemplary damages can not be awarded where the act which constitutes the cause of action is punishable by a criminal prosecution, as for assault and battery, but such damages may be recovered in actions brought by persons injured by wrongful restraint or false imprisonment.

Farman *v.* Lauman *et al.*

'SAME.—*Excessive Damages.*— *Verdict of Jury.*—Courts should not inter-
fere with the verdict of a jury on the ground of excessive damages, un-
less such damages are so great as to appear outrageous, or such as to
induce the belief that the award was the result of passion or prejudice
and not the conclusion of deliberate judgment.

From the Hendricks Circuit Court.

*G. W. Galvin, S. A. Huff* and *F. J. Mattler,* for appel-
lant.

*J. B. Black,* for appellees.

ELLIOTT, J.—This was an action by husband and wife,
Charles A. Lauman and Mary J. Lauman, to recover for
personal injury to the latter, alleged to have been inflicted
upon her by the appellant. The complaint is in three para-
graphs :

The first charges an assault and battery.

The second and third charge false imprisonment.

A trial by jury resulted in a verdict and judgment against
appellant for five hundred dollars. The assignment of errors
is upon the motion denying appellant a new trial.

Mary J. Lauman was permitted to testify as a witness,
and of this ruling appellant complains, but his complaint is
groundless. The action was by the husband and wife, jointly,
it is true ; the wife, however, was the possessor of the meri-
torious cause of action, and the recovery was sought for her
benefit. It was not an action in which the husband sought
damages for loss of services of the wife, but an action in
which the wife demanded compensation for personal injury
which she had suffered at the hands of the appellant. Under
the statute in force when the action was tried (of course
there could be no question under the present statute), Mary
J. Lauman was a competent witness. *Bennifield* v. *Hypres,*
38 Ind. 498 ; *Garner* v. *Gordon,* 41 Ind. 92.

The witness Mary J. Lauman, in describing, in narrative
form, the wrongful acts of the appellant, said something as
to her clothing having been torn, as to what physicians had

said to her, and as to how long she had suffered from the injury inflicted, and to what extent she was disabled. At the conclusion of the witness' narrative, the appellant stated an objection, as follows: "Defendant excepted to all the evidence in reference to damage to clothing, medical attendance, loss of services, and hired help." This objection was not sufficient to reserve any question, for no specific grounds in its support were stated; and it is well settled that a party objecting to evidence must state the grounds of his objection. The objection in this case is, aside from the fault named, insufficient, because it is entirely too general in respect to the evidence which the appellant sought to have excluded from the jury.

The court refused to permit the appellant's counsel to ask several questions of him while he was on the witness stand, and of this ruling counsel now earnestly complain. We think the objections were properly sustained, but this we need not decide because the question is not properly presented. The appellant did not make any offer of proof, but contented himself with asking the interrogatories. In order to have saved the question, he should have made offer to prove the facts of which he sought to elicit evidence by the interrogatories of his counsel.

In the course of the argument of one of appellees' counsel, an improper remark, in response, it may be observed, by the way, to one equally improper, made by appellant's counsel, was made to the jury, whereupon the appellant objected. The character of the objection and the ruling of the court are shown by the following extract, which we make from the record: "At the conclusion of which words, the defendant by his attorney objected to the said Hadley's proceeding on the subject of the change of venue, whereupon the court admonished said Hadley that it was improper to refer to the change of venue, or to comment upon the subject, and also admonished the jury that they should disregard the allusion

to the change of venue, and that they should decide the case: as if it had been originally brought in Hendricks county, whereupon no further allusion was made by said Hadley, or any one else, to the change of venue in said cause." The remark of appellee's counsel was unquestionably an improper one, for the jury had nothing at all to do with the questions growing out of the change of venue, and counsel did wrong in commenting upon, or, indeed, in mentioning that subject. The appellant, however, obtained the ruling he sought by his appeal to the court, and is not now in a condition to complain. The extract we have made from the record shows that the appellant "objected to the said Hadley's proceeding on the subject of the change of venue," and that this objection the court in effect sustained, for it not only checked counsel, but it also gave to the jury the proper admonition. Where a party is granted all his objection or application seeks, he can not have tenable grounds upon which to support an attack upon the ruling of the court on his application, or objection. But, aside from this consideration, the ruling can not be here regarded as erroneous, because the appellant failed to reserve an exception. An objection not followed by an exception is of no avail upon appeal. If the court had granted a new trial, then we could not have reversed, although there was neither objection made nor exception reserved, as in that case the ruling would uphold the decision of the court below, in whose favor all reasonable presumptions are to be indulged, whereas, in the present case, to adjudge a reversal would be to overthrow the decision of the trial court, and this we can not do in such a case as that before us, unless objection has been duly made and exception properly entered. *The St. Louis, etc., R. W. Co.* v. *Myrtle*, 51 Ind. 566 ; *Kinnaman* v. *Kinnaman*, 71 Ind. 417.

It is undoubtedly true, as appellant's counsel insist, that where an act, which constitutes the cause of action, is punishable by fine or imprisonment, in a criminal prosecution,.

punitive damages can not be awarded the party who seeks recovery upon such a right of action. This rule applies to the cause of action stated in the first paragraph of appellees' complaint, but does not apply to the cause of action stated in the second and third paragraphs. It is argued that the fourth instruction given by the court violates the rule stated, but in this counsel are in error. The instruction under mention confines the right to recover exemplary damages to a case made out under the second paragraph of the complaint. The jury were plainly informed that exemplary damages could be recovered only in the event that the case stated by the second paragraph was properly made out by the preponderance of the evidence. In the third instruction the rule by which damages should be measured, in case the verdict should be upon the paragraph charging an assault and battery, was clearly and correctly stated. The instructions, taken together, very fully and fairly stated the law to the jury, as well upon the subject of damages as upon the essential elements of the causes of action upon which the appellees placed their right of recovery. The unlawful and wrongful restraint of personal liberty is an actionable wrong. Exemplary damages are recoverable in actions brought by the persons injured by the tortious restraint or imprisonment.

We can not disturb the verdict upon the ground that the damages are excessive. If the jury believed, as they were fully warranted in doing, Mary Lauman's testimony, she was wrongfully and forcibly imprisoned by the appellant. It is true that the confinement was for a very brief period, but it is also true, if we accept her testimony as veracious, that it was for a criminal purpose, and was accompanied by circumstances of great wrong and indignity. If the woman's story was true, as we are bound to assume, five hundred dollars was not, by any means, an excessive verdict. A wrongful imprisonment, accompanied by acts tending to degrade and insult, in the vilest manner, the person injured,

makes a case where smart money of no inconsiderable magnitude may be rightly awarded. In such cases as that in hand, courts will not interfere with the verdict of a jury, upon the ground of excessive damages, unless the damages awarded are so great as at first blush to appear outrageous, or are such as to induce the belief that the award was the result of passion or prejudice, and not the conclusion of deliberate judgment.

It having been shown to the court that the appellee Mary J. Lauman has died since the submission of this appeal, judgment of affirmance is entered as of the date of May 29th, 1879.