## FRANCIS L. FARMAN V. MARY J. LAUMAN ET AL.

1. *Evidence—Exception to Admission of.*—Unless the specific ground of objection to evidence be stated by the party objecting to its admission, there will be no question reserved in the matter for appeal.

2. *Excluded Evidence—How to Save the Point.*—Where questions are propounded to a witness and then excluded by the court, in order to save any question thereon, an offer should have been made to prove the facts sought to be elicited.

3. *Appeal—Exception.*—An objection not followed by an exception is of no avail on appeal.

4. *Argument to Jury—Remarks of Counsel.*—The fact that the venue of the cause had been changed, held improper to be commented on to the jury.

5. *Damages—Assault and Battery—False Imprisonment*—Where the act, for commission of which damages are sought, is punishable by fine or imprisonment, punitive damages can not be recovered: but where the same suit is brought in separate paragraphs, first for assault and battery, next for false imprisonment, the latter is sufficient ground for exemplary damages.

6. *Same—Measure of Excessive.*—Five hundred dollars is not too much smart money for an assault upon a female accompanied by insult and confinement, even though very brief. In such cases the verdict will not be interfered with as excessive unless it appears so outrageous at first blush as to indicate passion and prejudice.

Filed June 16, 1881.

Appeal from Hendricks Circuit Court.

Opinion of the court by Mr. Justice Elliott.

This was an action by husband and wife, Charles A. Lauman and Mary J. Lauman, to recover for personal injury to the latter, alleged to have been inflicted upon her by the appellant. The complaint is in three paragraphs, the first charges an assault and battery, the second and third false imprisonment.

A trial by jury resulted in a verdict and judgment against appellant for five hundred dollars.

The assignment of errors is upon the motion denying appellant a new trial.

Mary J. Lauman was permitted to testify as a witness, and of this ruling appellant complains, but his complaint is groundless. The action was by the husband and wife jointly it is true, the wife, however, the possessor of the meritorious cause of action, and the recovery was sought for her benefit. It was not an action in

which the husband sought damages for loss of services of the wife,
but an action in which the wife demanded compensation for per-
sonal injury which she had suffered at the hands of the appellant.
Under the statute in force when the action was tried (of course
there could be no question under the present statute), Mary J.
Lauman was a competent witness. *Bennifield* v. *Hupies,* 38 Ind.
498; *Garner* v. *Gordon,* 41 Ind. 4.

The witness, Mary Lauman, in describing in narrative form the
wrongful acts of the appellant, said something as to her clothing
having been torn, as to what physicians had said to her, and as to
how long she had suffered from the injury inflicted, and to what
extent she was disabled. At the conclusion of the witnesses' nar-
rative, the appellant stated an objection as follows: " Defendant
excepted to all the evidence in reference to damage to clothing,
medical attendance, loss of service and hired help." This objec-
tion was not sufficient to reserve any question for no specific
grounds in its support were stated, and it is well settled that a
party objecting to evidence must state the grounds of his objection.
The objection in this case is, aside from the fault named, insufficient,
because it is entirely too general in respect to the evidence which
the appellant sought to have excluded from the jury.

The court refused to permit the appellant's counsel to ask sev-
eral questions of him while he was on the witness stand, and of
this ruling counsel now earnestly complain. We think the objec-
tions were properly sustained, but this we need not decide, because
the question is not properly presented. The appellant did not make
any offer of proof, but contented himself with asking the interroga-
tories. In order to have saved the question he should have made
offer to prove the facts of which he sought to elicit evidence by
the interrogatories of his counsel.

In the course of the argument of one of appellees' counsel, an
improper remark, in response, it may be observed by the way, to
one equally improper made by appellants counsel, was made to the
jury, whereupon the appellant objected. The character of the ob-
jection and the ruling of the court are shown by the following ex-
tract which we made from the record :

" At the conclusion of which words the defendant, by his attor-
ney, objected to the said Hadley's proceedings on the subject of the

change of venue. Whereupon the court admonished said Hadley, that it was improper to refer to the change of venue, or to comment upon the subject, and also admonished the jury that they should disregard the allusion to the change of venue, and that they should decide the case as if it had been originally brought in Hendricks county, whereupon no further allusion was made by said Hadley, or any one else, to the change of venue in said cause."

The remark of appellees' counsel was unquestionably an improper one, for the jury had nothing at all to do with the questions growing out of the change of venue, and counsel did wrong in commenting upon, and, indeed, in mentioning that subject. The appellant, however, obtained the ruling he sought by his appeal to the court, and is not now in a condition to complain.

The extract we have made from the record shows that the appellant " objected to the said Hadley's proceedings on the subject of the change of venue," and that this objection the court in effect sustained, for it not only checked counsel, but it also gave to the jury the proper admonition. Where a party is granted all his objection or application he cannot have tenable grounds upon which to support an attack upon the ruling of the court on his application or objection. But aside from this consideration, the ruling cannot be here regarded as erroneous because the appellant failed to reserve an exception. An objection not followed by an exception is of no avail upon appeal. If the court had granted a new trial, then we could not have reversed, although there was neither objection made nor exception reserved, as in that case the ruling would uphold the decision of the court below, in whose favor all reasonable presumptions are to be indulged ; whereas in the present case to adjudge a reversal would be to overthrow the decision of the trial court, and this we cannot do in such a case as that before us unless objection has been duly made and exception properly entered. *St. Louis, etc., Co.* v. *Myrtle,* 51 Ind. 566; *Kinnaman* v. *Kinnaman,* 71 Ind. 417.

It is undoubtedly true, as the appellant's counsel insist, that where an act which constitutes the cause of action is punishable by fine or imprisonment in a criminal prosecution, punitive damages cannot be awarded the party who seeks recovery upon such a right of action. This rule applies to the cause of action stated in the first paragraph of appellee's complaint, but does not apply to course of action stated

in the second and third paragraphs. It is argued that the fourth instruction given by the court violates the rule stated, but in this counsel are in error. The instruction under mention confines the right to recover exemplary damages to a case made out under the second paragraph of the complaint. The jury were plainly informed that exemplary damages could be recovered only in the event that the case stated by the second paragraph was properly made out by preponderance of the evidence. In the third instance the rule by which damages should be measured, in case the verdict should be upon the paragraph charging an assault and battery, was clearly and correctly stated.

The instructions taken together very fully and fairly stated the law to the jury, as well upon the subject of damages as upon the essential elements of the causes of action upon which the appellees placed their right of recovery. The unlawful and wrongful restraint of personal liberty is an actionable wrong. Exemplary damages are recoverable in actions brought by the person injured by the tortious restraint or imprisonment.

We cannot disturb the verdict upon the ground that the damages are excessive. If the jury believed, as they were fully warranted in doing, Mary Lauman's testimony, she was wrongfully and forcibly imprisoned by the appellant. It is true that the confinement was for a very brief period, but it is also true, if we accept her testimony as veracious that it was for a criminal purpose, and was accompanied by circumstances of great wrong and indignity.

If the woman's story was true, as we are bound to assume, five hundred dollars was not, by any means, an excessive verdict. A wrongful imprisonment, accompanied by acts tending to degrade and insult in the vilest manner the person injured, makes a case where smart money of no inconsiderable magnitude may be rightly awarded. In such cases as that in hand, courts will not interfere with the verdict of a jury upon the ground of excessive damages, unless the damages awarded are so great as at first blush to appear outrageous, or are such as to induce the belief that the award was the result of passion and prejudice, and not the conclusion of deliberate judgment.

It having been shown to the court that the appellee, Mary. J.

Lauman, has died since the submission of this appeal, judgment of affirmance is entered as of the date of May 29, 1879.

Galvin & Huff, for appellant.

James B. Black, for appellee.