Filed May 28, 1890.

---

No. 14,157.

## BERNHAMER *v.* DAWSON, ADMINISTRATOR.

SUPREME COURT.—*Weight of Evidence.*—The Supreme Court will not reverse a judgment upon the weight of the evidence.

PRACTICE.—*Rejection of Evidence.*—Where the court is requested to strike out the testimony of a witness, but no reason for its rejection is shown at the time the request is made, no question is presented to the Supreme Court upon a ruling of the court denying the request.

From the Marion Superior Court.

*W. F. A. Bernhamer, W. B. Walls, C. S. Denny* and *W. F. Elliott,* for appellant.

*S. J. Peelle* and *W. L. Taylor,* for appellee.

COFFEY, J.—This was a suit by the appellant against the appellee, as administrator of the estate of Kate Dawson, deceased, upon a promissory note executed by the said Kate

Dawson to the appellant on the 21st day of November, 1885.

The appellee filed an answer consisting of six.paragraphs, the first being a general denial.

The second is a plea of payment.

The third is a plea of no consideration.

The fourth is a partial failure of consideration.

The fifth avers that the note in suit was procured through fraud.and misrepresentation, in this: That the said Kate Dawson had been arrested and was in jail upon a charge of adultery and incest, and that the appellant went upon her recognizance to secure her release; that before he would sign said recognizance he induced her to sign said note, by falsely. and fraudulently stating to her that said note was to indemnify him against any loss he might suffer by reason of a breach, on her part, of said recognizance; that appellant made said statements to the said Kate Dawson for the fraudulent purpose of procuring her signature to said note, and that the same was not executed to secure attorney's fees as pretended by the appellant; that there was no breach of said recognizance, and the appellant did not suffer any loss on account of signing the same.

The sixth paragraph avers that the said Kate Dawson had been convicted of a misdemeanor before the mayor of the city of Indianapolis, fined and sentenced to the work-house; that she appealed from such conviction to the criminal court of Marion county, and that the appellant signed the appeal bond necessary to procure and perfect said appeal; that said note was executed by the said Kate Dawson to the appellant to indemnify him against loss on account of having signed said appeal bond; that the appellant never did suffer any loss or damage on account of said bond.

Upon issues formed the cause was tried by a jury who returned a verdict for the appellee, upon which the court rendered judgment, over a motion for a new trial.

The assignment of error calls in question the correctness of the ruling in overruling the motion for a new trial.

The first contention of the appellant is, that the verdict of the jury is not supported by the evidence.

We have carefully read the evidence in the cause and find that there is some evidence tending to support the conclusion reached by the jury. Indeed, there is much testimony tending to prove that the appellant did not regard the note in suit as a binding obligation, and that he repeatedly stated to the deceased that he had no claim against her. Under the well known rule in this court we can not disturb the verdict of the jury on the evidence.

It is also contended by the appellant that the court erred in refusing to strike out the testimony of a witness as to what the deceased said about the consideration upon which the note in suit was executed; but no reason for striking out this testimony was, at the time, pointed out to the court. As no reason was pointed out to the court for rejecting this evidence no question upon the ruling of the court is presented for our consideration. *Farman* v. *Lauman*, 73 Ind. 568; *City of Delphi* v. *Lowery*, 74 Ind. 520; *Blizzard* v. *Hays*, 46 Ind. 166.

Finally, it is contended by the appellant that the court erred in its instructions to the jury, and many supposed errors in the instructions are pointed out and argued.

The instructions are somewhat lengthy and cover minutely every phase of the case, but no good purpose would be subserved by setting them out in this opinion. We have given them a critical examination, and when taken as a whole we think they state the law of the case, as made by the evidence, fairly and correctly. The court committed no error in its instructions to the jury.

There is no error in the record for which the judgment of the court below should be reversed.

Judgment affirmed.

ELLIOTT, J., took no part in the decision of this cause.

Filed May 28, 1890.