## City of New Orleans *v.* Antoine Michoud.

Under the statute of 1805 rural property is not liable for assessment for the maintenance of lights, of the city watch, and for cleaning the streets.

A PPEAL from the Fifth District Court of New Orleans, *Augustin*, J. Labatt & Eustis, for plaintiff. C. Roselius, for defendant and appellant.

Merrick, C. J. This is a suit instituted under the summary proceedings authorized by the Act of 1852, for the collection of the defendant of $331 20, amount of consolidated loan tax of 1853, and $193 50, city tax.

It appears that the defendant's plantation, on which these taxes are levied, is situated within the present limits of the city, about twenty-five or thirty miles from the centre of the city of New Orleans, and is, with the exception of about two hundred acres cleared, a dense forest; and that defendant's crop has never exceeded thirty hogsheads of sugar.

He resists the payment of the tax on the ground that his property is rural, and that it is not subject to taxation as urban.

It must be apparent to every one, that the collection of the city taxes of the defendant, who derives but little benefit from the city government, is a harsh and somewhat oppressive measure; particularly when we compare the magnitude of the tax with the small amount of revenue derived by the defendant from his plantation.

But while we feel the injustice of the law in this instance, we are constrained to say, we have no power to relieve the defendant, so far as the consolidated loan tax is concerned. The power to levy this tax is vested in the authorities of New Orleans, and made imperative upon them. The remedy for this evil is with a coordinate department of the government, and not with the courts.

As to the residue of the tax for the ordinary city purposes, we think, with the Judge of the lower court, under the statute of 1805, that the defendant's property, as rural property, is not liable to assessment "for the maintenance of lights, of the city watch, and for cleansing of the streets."

The judgment of the lower court should, therefore, be affirmed.

Judgment affirmed.