Temple *et al. v.* Lasher.

*W. D. Willson* and *T. E. Willson*, for appellees.

---

## TEMPLE ET AL. *v.* LASHER.

PRACTICE.—*Assignment of Error.*—An assignment that the court erred in excluding the evidence of a certain witness raises no question, where there is no general assignment that the court erred in overruling a motion for a new trial, and there is an assignment of error in refusing to grant a new trial placed on other specific grounds only; although the exclusion of the evidence was mentioned in the motion as a reason for a new trial.

MOTION FOR NEW TRIAL.—*Misconduct of Jury.*—A motion for a new trial on the ground of misconduct of the jury, if not supported by affidavit, is properly disregarded.

APPEAL from the Perry Common Pleas.

DOWNEY, J.—Action by the appellee against the appellants on a promissory note, and for work and labor, money paid, and goods sold and delivered, there being in the complaint a count on the note, and another for the other causes of action. The defendants pleaded a general denial, and there was an agreement that under the issue thus formed, all matters might be given in evidence. There was a trial of the cause by a jury, and a verdict for the plaintiff for three hundred dollars on the note, and fifteen dollars on the account. A motion made for a new trial by the defendants was overruled, and final judgment rendered on the verdict.

The defendants appealed and have here assigned errors as follows: first, excluding the evidence of the witness Andrew Miller; second, in overruling the appellants' motion for a new trial on the ground of the misconduct of the jury that tried the cause; third, in overruling the motion of appellants for a new trial on the ground that the verdict of the jury is not sustained by sufficient evidence; fourth, in overruling the motion for a new trial on the ground that the verdict of the jury is contrary to law.

There is no general assignment that the court erred in overruling the motion for a new trial. The first assignment of error raises no question. Nor can we examine the question whether the testimony of Miller was or was not properly excluded. Although the exclusion of his evidence is mentioned as a reason for a new trial, the refusal to grant a new trial, except on other grounds, is not assigned for error. *Smith* v. *Crigler*, 29 Ind. 516; *Whitinger* v. *Nelson*, 29 Ind. 441; *Herrick* v. *Bunting*, 29 Ind. 467; *The Bellefontaine R. W. Co.* v. *Reed*, 33 Ind. 476.

The allegation with reference to the misconduct of the jury was not supported by affidavit in the court below, as required by the code (2 G. & H. 215, sec. 355), and hence

was properly disregarded by the common pleas, as it must be by us.

The facts of the case, as disclosed by the evidence, do not warrant us in disturbing the judgment in the common pleas. The evidence as to whether there was or was not a warranty of the boat, which was the ground of defence, was quite contradictory. That question must remain as settled by the jury.

The judgment is affirmed, with costs.

*S. K. Wolfe,* for appellants.

*E. R. Hatfield, W. H. Peckinpaugh,* and *J. B. Black,* for appellee.