## LEFFLER ET AL. *v.* RICE.

PARTNERSHIP.—*Scope of Business.—Milling.*—As properly and reasonably connected with the business of milling, one partner in a firm engaged in such business may borrow money to be used in the purchase of grain and middlings for the mill.

PRACTICE.—*Appeal.—Evidence.*—The Supreme Court would not consider questions of the admissibility of evidence, where an exception was taken to the admission of evidence, but the grounds of objection were not pointed out to the court below.

SAME.—*Costs.—Reporter.*—A question as to the taxing as costs of a reporter's fee for taking down evidence cannot be raised on appeal in the Supreme Court, when it has not been reserved in any way.

SAME.—*Evidence.—Exceptions.*—Where the reason for a new trial is, that the court during the trial erred in its rulings as to the admissibility of evidence excepted to at the time, and there were several exceptions taken to the admissibility of evidence, the Supreme Court on appeal cannot know to which of the rulings reference is made.

From the Monroe Common Pleas.

*J. S. Hester,* for appellants.

DOWNEY, C. J.—The appellee sued the appellants for work and labor, for money loaned, money had and received, for board and lodging, and for wood, provisions, and merchandise, a bill of particulars of which was filed with the complaint. The defendants answered in three paragraphs: 1. A general denial. 2. Payment. 3. Set-off. Reply in denial of the second and third paragraphs of the answer. Trial by the court, finding for the plaintiff, motion for a new trial overruled, and final judgment for the plaintiff.

The only errors properly assigned are the overruling of

the motion for a new trial, and the taxing of a reporter's fee for taking down the evidence in the case against the defendants, as part of the costs of the case.

The grounds for a new trial are the following: 1. Because the finding and judgment thereon are contrary to the evidence. 2. Because of errors of law occurring during the trial of said cause, in the ruling of the court as to the admissibility of evidence excepted to at the time. 3. Because of errors of law in the ruling of the court arising on the pleadings in said cause, and excepted to at the time.

The principal question made with reference to the evidence is, that it fails to show that the indebtedness for which the judgment was rendered was an indebtedness of both of the defendants. They are charged as partners, and it is insisted that, although the evidence may show a liability on the part of Rice, one of the defendants, it fails to show that Leffler, the other defendant, was liable with him as a partner. In other words, it is claimed that the indebtedness was the indebtedness of Rice alone, and not of the firm. It is also insisted that, assuming that the indebtedness was that of the firm, the same had been paid before the action was brought.

During the progress of the trial, the plaintiff admitted the account of the defendant filed with his answer of set-off, and it was mutually agreed that the only matters then in issue were a certain sum of two hundred dollars, called the Eller money, three hundred and fifty dollars of Allen money, the money taken to pay for middlings, and the pay which the plaintiff might be entitled to for such purchases as he had made for the mill of the defendants.

After a careful reading and analysis of the evidence, we have come to the conclusion that we can not disturb the judgment below on the evidence. It is true that Leffler, one of the defendants, testifies pretty strongly against his liability as a member of the firm; but it appears that he was much of the time absent from the place of business, and that Rice, his partner, at those times, transacted the business exclusively, and that he always kept the books of the con-

cern. It also appears that Leffler knew so little about the affairs of the concern, that it was not until he got an account taken by an accountant, that he was aware of the fact that his partner, Rice, had overdrawn to an amount exceeding a thousand dollars. Little weight can, therefore, be given to his statements to the effect that he did not know that the firm owed the amounts in question.

Rice, the appellant, is a son of the appellee. There seems to have been a sharp contention between them concerning the disputed accounts, amounting even to violence on one occasion. Their testimony is quite conflicting on the material points of the case.

It is urged as a question of law that Rice, one of the defendants, could not bind Leffler, his partner, for the items in question, for the reason that they were foreign to the business of the firm. Two of the items claimed by the appellee were for money loaned, one was for money paid for middlings, and one was for services in the purchase of grain, etc. The business of the defendants was that of milling. We do not see that the items of indebtedness are such as might not properly and reasonably have accrued in connection with the business. We are aware of the rule of law stated by counsel for appellants, that where a person takes a security from one partner in the name of the partnership, in a transaction not in the usual course of dealing, he takes the security at his peril. Money may properly be borrowed by a partner to be used in the business of milling by the firm. The evidence of the plaintiff tends to show that the middlings in question were purchased to be ground over at the mill of the defendants, which would seem to be properly connected with the business of milling ; and as to the compensation for purchasing grain for the mill, there can not well be any question. The items of these classes, which the evidence of the plaintiff tended to establish, amount to more than the sum of the judgment.

The next question is made under the second reason for a new trial, which is, that the court erred during the trial in its

rulings as to the admissibility of evidence excepted to at the time. There were several exceptions taken by defendants during the trial to the admissibility of evidence, and we can not, therefore, know to which of the rulings reference is made. Counsel for appellants, however, in his brief refers us to the matter contained in a bill of exceptions on page 98 of the record. That bill of exceptions reads as follows: "Be it remembered that on the trial of the above entitled cause, while the plaintiff was on the witness stand in his own behalf, he was asked by his counsel the following question: 'Were these three hundred and fifty dollars paid to you for apples which you shipped, or were they for apples shipped by Leffler & Rice?' To which question the defendants at the time excepted, and thereupon plaintiff proceeded to and did testify in response to said question as in the bill of exceptions embodying the evidence herein, as set forth, and defendants file this their bill of exceptions thereto." The ground of objection to this evidence not appearing to have been pointed out in the common pleas, we can not consider the question. *Temple* v. *Lasher,* 39 Ind. 203.

The question as to the taxation in the costs of the action of an allowance to the reporter for taking down the evidence was not reserved in the court below in any way, and consequently is not befoer us.

The judgment is affirmed, with costs.