ALBERT H. HEWS & another *vs.* ATLAS INSURANCE
COMPANY.

Suffolk.   March 6. — 7, 1879.   MORTON & ENDICOTT, JJ., absent.

A policy of insurance insured the plaintiff as follows : " $500 on brick pottery build-
ing and ells, three stories with basement and flat roof.  $500 on machinery,
shafting, belting, machines, tools and all implements used by him in his business.
$950 on stock in trade consisting principally of earthen-ware and on materials
for manufacturing the same.  $50 on office furniture, including safe, contained
in said building, situate on D. Street, near the F. Railroad in N." In an action
thereon it appeared that the plaintiff was a manufacturer of earthen-ware in
N.; that, at the date of the policy in suit and of the fire which occasioned the
loss sued for, his manufactory consisted of two three-story brick buildings con-
nected by a corridor; that one building was generally known as the pottery, and
had three ells attached, one of which was used as the office; that the other
building was generally known as the storehouse; that the pottery building con-
tained the engines and most of the machinery, and was chiefly used for the
manufacture of earthen-ware, though to some extent also for storage ; that the
storehouse building was chiefly used for storing manufactured ware, though
certain of the processes of manufacture were conducted there, and a limited
amount of machinery and implements was contained therein ; that in the course
of manufacture almost all the stock went to and fro from each of the build-
ings to the other several times; and that by the fire the storehouse and its con-
tents were totally destroyed, and the pottery building injured to a certain
extent, but its contents were not damaged by fire.  *Held*, that the words of the
policy " contained in said building, situate on D. Street," &c. applied to the ma-
chinery and stock, as well as to the furniture ; and that nothing was covered by
the policy but the " pottery building " and its contents.

CONTRACT on a policy of insurance for $2000, dated March
5, 1875, by which the defendant insured the plaintiffs for the
term of one year, as follows :

"$500 on their brick pottery building and ells, three stories with
basement and flat roof.  $500 on machinery, shafting, belting,
machines, tools and all implements used by them in their business.
$950 on stock in trade consisting principally of earthen-ware and
on materials for manufacturing the same.  $50 on office furniture,
including safe, contained in said building, situate on Dwight
Street, near the Fitchburg Railroad in North Cambridge, Mass."

At the trial in the Superior Court, before *Colburn*, J., it ap-
peared that the plaintiffs were large manufacturers of earthen-
ware in North Cambridge; that at the date of the policy in suit
and of the fire, which occurred on June 11, 1875, their manu-
factory consisted of two large three-story brick buildings, con-

nected by a three-story wooden corridor six feet wide and fifteen feet long; that one building was generally known as the pottery, and had three ells attached, one of which was used as the office; that the other building was generally known as the storehouse; that the pottery building contained the engines and most of the machinery, and was chiefly used for the manufacture of earthen ware, though to some extent also for storage; that the storehouse building was chiefly used for storing manufactured ware, though certain of the processes of manufacture were conducted there, and a limited amount of machinery and implements were contained therein; that in the course of manufacture almost all the stock went to and fro from each of the buildings to the other several times; that by the fire the storehouse and its contents were totally destroyed, and the pottery building injured, but its contents were not damaged by fire; that the plaintiffs had a prior policy in the defendant company identical with the one in suit, for the year ending March 5, 1875; and that, during its pendency, the general agent of the defendant company, under whose authority the policy in suit issued, had examined the premises and the course of manufacture therein. The plaintiffs claimed a loss of $10.55 on the first item named in the policy, $134.25 on the second item, and $950 on the third item.

The plaintiffs were insured by policies for $2000 each, in each of three other companies, substantially for the same items and amounts as in the defendant company. They had also $4000 insurance in two other companies specifically on the stock in the storehouse, and $7000 in two other companies specifically on the pottery building, and $6000 specifically on the storehouse building.

Upon these facts, the defendant admitted its liability for the first item, but contended that the terms of the policy only applied to the machinery and stock contained in the pottery building. The plaintiffs contended that, under the facts proved, the clauses of the policy relating to stock and machinery were not so limited, but applied to stock or machinery in either of the buildings. But the judge ruled otherwise; and directed a verdict for the plaintiffs for the first item only. The plaintiffs alleged exceptions.

*J. Willard*, for the plaintiffs.

*C. Allen & J. Fox*, for the defendant, were not called upon.

By the Court. It is manifest, on the face of the policy that the words " contained in said building, situate on Dwight Street," &c., inserted at the end of the description of the subjects of insurance, apply to the machinery and the stock, as well as to the furniture; and that nothing is covered by the policy, but the " pottery building " and its contents. The plaintiffs' own bill of exceptions admits that the storehouse was not a part of this, but a distinct building. *Exceptions overruled.*