WEBER, Respondent, vs. ILLING and another, Appellants.

*March 23 — April 6, 1886.*

CHATTEL MORTGAGES. *(1) Description of note secured: Certainty. (2) Description of mortgaged property: Evidence: Court and jury.*

1. Reasonable certainty only is essential in the description in a chattel mortgage of the note secured thereby. Thus, in this case, the failure to state in the mortgage the date of the note is *held* not to invalidate the mortgage.
2. Parol evidence as to the meaning and extent of the terms employed in describing the mortgaged property, and the sense in which they were used by the parties, is admissible. The question whether a mortgage of " one portable saw-mill " covered a steam engine used in connection therewith, is *held* in this case to have been properly submitted to the jury as a question of fact.

APPEAL from the Circuit Court for *Jefferson* County.

The complaint alleges that the defendants unlawfully, and against the protest of the plaintiff, seized and took possession of " one portable saw-mill," to the possession of which the plaintiff is entitled, and unlawfully retains the same, although due demand therefor has been made by the plaintiff. Damages in the sum of $2,000 are claimed. The answer is, in substance, a general denial.

It appeared on the trial that the property so taken by the defendants was one steam-engine (called a " skid-engine ") attached to a saw and other machinery used for the purpose of sawing logs into lumber. The defendants neither

pleaded nor attempted to prove any authority for seizing or retaining the engine, but it appeared incidentally that the defendant *Illing* was the sheriff of Jefferson county, and took the engine, and afterwards sold it, under an execution in favor of the defendant the *J. I. Case Threshing Machine Company*, against the property of one William F. Weber, a son of the plaintiff. An agent of the defendant company participated in such seizure. Neither the execution nor the judgment upon which it was issued was put in evidence.

The engine, and the machinery to which it was attached, were purchased of the defendant company by William F. Weber for $2,000, and fully paid for by the latter with money loaned to him by the plaintiff for that purpose. To secure a note given for the amount of such loan, William F. executed a chattel mortgage to the plaintiff on "one portable saw-mill." The mortgage correctly specified the location of the property, and it was duly filed in the office of the proper town clerk.

The circuit judge submitted to the jury the questions of fact whether the term "one portable saw-mill," used in the chattel mortgage, was commonly and generally understood in the neighborhood of the mill, where the mortgage was given, to mean and include the steam-engine in question; whether they are so generally used and understood by manufacturers and dealers in such mills and machinery; and whether such is their plain and ordinary signification. The jury answered these questions in the affirmative.

Judgment for the plaintiff was entered upon the special verdict for the value of the engine assessed by the jury, and the defendants appeal therefrom.

For the appellants there were briefs by *C. H. Lee*, attorney, and *Harlow Pease*, of counsel, and oral argument by *Mr. Pease*. They contended, *inter alia*, that parol evidence was inadmissible to show what property was covered

by the mortgage.   Jones on Chat. Mortg. secs. 53, 55, 62, 64, 67, 71; *Van Evera v. Davis*, 51 Iowa, 637; *Winter v. Landphere*, 42 id. 471; *Hutton v. Arnett*, 51 Ill. 198, 201; *Curtis v. Phillips*, 5 Mich. 112; *Curtis v. Martz*, 14 Mich. 506; *Smith v. McLean*, 24 Iowa, 322, 331; *Dodge v. Potter*, 18 Barb. 193; *Mattingly v. Darwin*, 23 Ill. 618; *Myers v. Ladd*, 26 Ill. 415; *Knapp, Stout & Co. Company v. Deitz*, 64 Wis. 31; *Leighton v. Stuart*, 26 N. W. Rep. 198.   The description was bad.   Jones on Chat. Mortg. sec. 56; *Richardson v. Lumber Co.* 40 Mich. 203; *Blakeley v. Patrick*, 67 N. C. 40; *Golden v. Cockril*, 1 Kan. 259; *Williamson v. Steele*, 3 Lea (Tenn.), 527; *Kelly v. Reid*, 57 Miss. 89.

For the respondent there was a brief by *I. W. & G. W. Bird*, and oral argument by *Mr. G. W. Bird*.  They argued, among other things, that the parol evidence respecting the description in the mortgage was competent.   1 Greenl. on Ev. sec. 286; *Farrar v. Stackpole*, 6 Me. 159; Abbott's Tr. Ev. 303; Benjamin on Sales, sec. 232; *Fitch v. Carpenter*, 43 Barb. 40; *Waite v. Bairbanks*, Brayt. (Vt.), 77; *Hart v. Hammett*, 18 Vt. 127; *Ganson v. Madigan*, 15 Wis. 144; *Holmes v. Hickle*, 63 Ind. 518; Herman on Chat. Mortg. secs. 38*a*, 39, 40; *Sargeant v. Solberg*, 22 Wis. 132; *Paine v. Benton*, 32 id. 491; *Ellis v. Martin*, 60 Ala. 394; *MacDonald v. Longbottom*, 28 L. J. Q. B. 293.   The description was, of itself, sufficient to cover the engine, as, aided by the inquiries the mortgage suggests, third parties would be able to identify it as part of the portable saw-mill.   Herman on Chat. Mortg. sec. 38; *M. & M. R. Co. v. M. & W. R. Co.* 20 Wis. 174; *Harris v. Kennedy*, 48 id. 500; *Griffiths v. Wheeler*, 31 Kan. 17; *Mills v. Kansas Lumber Co.* 26 id. 574; *Thomson v. Madison B. Ass'n*, 1 West. Rep. 269.

LYON, J.   1.  One condition of the plaintiff's chattel mortgage is: " If the said mortgagor shall pay to said mortgagee the sum of $2,000, one year after date of note, with interest

at five per cent. per annum, then these presents shall cease and be null and void." It is claimed that this is not a sufficient statement of the amount of the debt which the mortgage was given to secure, and when the same was due, and that the mortgage is void for that reason. The alleged insufficiency consists in the failure to give the date of the note, without which the amount of accrued interest thereon, and the time when the note will mature, cannot be known.

A note was put in evidence by the plaintiff, made to him by William F. Weber, for $2,000, and five per cent. interest, dated October 15, 1883, and payable one year after date. It was proved that this is the note which the mortgage was intended to secure. The mortgage bears date August 1, 1884. So far as the note is described therein, it agrees with that read in evidence. It wants only the date to make the description perfect. These facts bring the case within the rule of *Paine v. Benton*, 32 Wis. 491, which is, substantially, that it is not essential to the validity of a chattel mortgage given to secure the payment of a note that all the particulars of the note should be specified in the condition of the mortgage. It is sufficient if the note is so far described that it appears, with reasonable certainty, to be the note intended to be secured. The distinction between a case like this and that of *Follett v. Heath*, 15 Wis. 601, is sufficiently stated by Dixon, C. J., in the opinion in *Paine v. Benton*. See, also, *Carter v. Rewey*, 62 Wis. 552.

It must be held that the failure to give the date of the note in question in the mortgage does not render the mortgage invalid; also that such note was properly admitted in evidence.

2. The main question is, Does the mortgage to the plaintiff of "one portable saw-mill" include the engine seized by the defendants and sold. If it does (there being no claim, other than that just considered, that the mortgage is not a valid security), the plaintiff is entitled to recover.

Counsel for defendants maintains, with much ingenuity of argument, that the question is one of law; that parol testimony was inadmissible to show that the engine seized by the defendants was intended by the parties to the mortgage to be and is included in the description " one portable saw-mill;" and that the court should hold, *ex vi termini*, that it is not so included. The question here is, Was the engine part and parcel of the "portable saw-mill" conveyed by the mortgage? The rule is quite elementary that on such a question parol proof of the extent and meaning of the terms employed, and the sense in which the same were used by the parties, is admissible. 1 Greenl. Ev. § 286. In *Ganson v. Madigan*, 15 Wis. 144, the question was as to the meaning of the word "team" in a contract. The trial judge received evidence to ascertain the sense in which the word was used by the parties, and submitted the question to the jury. These rulings were held correct.

The law furnishes no rule by which we can determine, without the aid of extrinsic evidence, that the engine in controversy was or was not part and parcel of the portable saw-mill. In some cases and under some circumstances the engine may be a part of the mill; in other cases and under different circumstances it may not. Hence the absolute necessity of a resort to proof extrinsic the mortgage to determine the question. Suppose the price of the engine established by the defendant company is $1,500, and of the balance of the machinery $500. A person sends to that company $2,000 and orders a portable saw-mill, giving no further specification of the property ordered. In such case the extrinsic proof would show conclusively that the engine was part of the mill thus ordered. On the other hand, if but $500 accompanied the order, it is equally plain that the engine would constitute no part of the mill.

We conclude, therefore, that it was a question of fact for the jury to determine, under all the circumstances of the

case, whether the engine was part and parcel of the "portable saw-mill" mortgaged to the plaintiff by his son, and so considered by the parties to the mortgage.

The findings of fact are broader than is necessary to sustain the plaintiff's case, and perhaps it would be difficult to uphold them in their full extent. For example, it may be doubtful whether the words "one portable saw-mill," in their plain and ordinary meaning and signification, include, in all cases, a steam-engine to propel it. But the findings necessarily include the proposition that this particular engine was part and parcel of the portable saw-mill mortgaged to the plaintiff, and, to that extent, they are abundantly supported by the evidence.

3. The jury found specially that, when the engine was taken by the defendants, the same was in the actual possession of the plaintiff under his chattel mortgage. There seems to be some proof to support the finding, although the existence of such proof is controverted. This finding becomes immaterial, however, in view of the facts, which must be considered established, that the plaintiff held a valid chattel mortgage upon the property. These facts entitle him to judgment for its value, whether the engine was taken from the possession of the mortgagee or mortgagor.

Many errors are assigned, but it is believed all of them of any importance are disposed of by what has already been said. We think none of them are well assigned.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 27 N. W. Rep. 834.— REP.