The Indiana Improvement Company *v.* Wagner *et al.*

No. 17,163.

THE INDIANA IMPROVEMENT COMPANY *v.* WAGNER ET AL.

NEW TRIAL.—*Exception to Ruling on.*—*When Sufficiently Made to Appear in Record.*—*Supreme Court Practice.*—Where an exception to the overruling of a motion for a new trial appears in that part of the transcript where the order book entry of the motion and the ruling thereon are found, but no such exception appears in the bill of exceptions, where the motion and order overruling it are also found, an exception is sufficiently made to appear to entitle the appellant to have the questions involved in the motion for a new trial considered and decided.

SAME.—*Evidence.*—*Affidavit.*—*Clerical Error.*—A ground for a new trial, that the court erred in receiving in evidence, over appellants objection, the affidavit of G. is unavailing where no such affidavit was put in evidence; and the fact that on the page to which the brief refers, the affidavit of M. is found, and G. appears as the notary public before whom the affidavit was made, does not justify the court in treating it as a clerical error.

EVIDENCE.—*Objection to.*—*Town.*—*Incorporation Proceeding.*—*Census and Affidavit.*—Where in a proceeding to incorporate a town, objection was made to the introduction in evidence of the census and affidavit thereto, "for the reason that there is no proof except the affidavit attached," the objection does not include the affidavit, but is an objection to the introduction of the census without additional proof of its correctness.

SAME.—*Objection to Should be Specific.*—*Confined to on Appeal.*—Grounds of objection to evidence must be stated particularly, and if the evidence is received over such objection, the objecting party will be confined to such objection on appeal.

SAME.—*Proceeding to Incorporate a Town.*—*Preliminary Steps Admissible on Appeal to Circuit Court.*—The preliminary steps and jurisdictional facts made to appear before the board of commissioners, in a proceeding to incorporate a town, may be made to appear in the circuit court on appeal.

SAME.—*Introducing Transcript on Appeal.*—*Not Prejudicial Error.*—Where the transcript of a case on appeal in the circuit court was introduced in evidence, there was no prejudicial error.

SUPREME COURT PRACTICE.—*Ground for New Trial can not be Made Independent Assignment of Error.*—No question is saved to the admission of affidavit in evidence over objection, where such alleged error was not made a ground of motion for a new trial.

The Indiana Improvement Company v. Wagner et al.

MUNICIPAL CORPORATION.—*Town.*—*Unplatted Land in Corporation Limits.*—*Validity of Incorporation.*—The fact that unplatted or farming land is included in the limits of an incorporated town does not render the incorporation invalid.

From the Steuben Circuit Court.

*J. E. Rose,* for appellant.

*J. A. Woodhull, W. M. Brown* and *N. W. Gilbert,* for appellees.

McCABE, J.—The appellees applied to the Board of Commissioners of Steuben county to incorporate the town of Hudson, in said county.

Such proceedings were had before the board that the territory described in the petition of the appellees was duly incorporated by the said board as the town of Hudson. The appellant appealed to the circuit court of the county, where there was a trial, finding, and judgment, as we construe the record, confirming the action of the board of commissioners in incorporating the town of Hudson over appellant's motion for a new trial.

The only valid assignment of error is the overruling of appellant's motion for a new trial.

This record presents another instance of a total disregard of rule 31 of this court on the part of the appellant. The record is much confused and difficult to understand at best, and that confusion is added to by the failure of appellant's counsel to place marginal notes on the transcript, as required by said rule. This cause having been advanced at the request of appellee, on account of the important public interests involved, furnishes the only reason why we do not dismiss the appeal for appellant's failure to comply with the rule.

Attorneys who bring their clients' causes to this court on appeal have not discharged their whole duty to their clients and to this court when they take out a transcript

of the record from the clerk of the trial court, assign error thereon, file the same in this court, and brief the case trusting wholly to such clerk that the transcript has been properly made up. Before filing it in this court, appellant's attorney ought to carefully examine the same with a view of having the clerk correct any inaccuracies there may be in it, eliminate all repetitions and confusion, and then prepare the record for the appeal as required by the rules of this court.

None of these requirements have been observed in making up this transcript and preparing it for the appeal.

The motion for a new trial appears in two places in the transcript. Once in the order-book entries of record as appears in the transcript, and once in the bill of exceptions. The bill of exceptions is not the proper place for such motion.

An exception to the overruling of the motion for a new trial appears in the order-book entry of the motion, but no such exception appears in the bill of exceptions, where the motion and order overruling it are found. It is well settled that to raise any question involved in a motion for a new trial there must be an exception entered on the record to the ruling of the court in overruling the same. *Henley* v. *McNoun*, 76 Ind. 380; *Fletcher* v. *Waring*, 137 Ind. 159, and numerous cases there cited.

Appellee's counsel contend that it nowhere appears in the record, that appellant excepted to the overruling of the motion for a new trial. But, as it appears in that part of the transcript where the order-book entry of the motion and the ruling thereon are found, that there was an exception to the action of the court in overruling the motion for a new trial, we are of opinion that appellant is entitled thereby to have the questions therein involved considered and decided.

The Indiana Improvement Company *v.* Wagner *et al.*

Section 4314, R. S. 1894 (R. S. 1881, section 3293), provides that: ''Persons intending to make application for the incorporation of a town, as hereinafter provided, shall cause an accurate survey and map to be made of the territory intended to be embraced within the limits of such town. Such survey shall be made by a practical surveyor, * * * the accuracy of which survey and map shall be verified by the affidavit of such surveyor, written thereon or annexed thereto.''

Section 4315 (R. S. 1881, section 3294), provides that: ''Such person shall cause an accurate census to be taken of the resident population of such territory, as it may be, on some day not more than thirty days, previous to the time of presenting such application to the board * * as hereinafter provided; which census shall exhibit the name of every head of a family residing within such territory on such day, and the number of persons then belonging to every such family; and it shall be verified by the affidavit of the person taking the same.''

Section 4316 (R. S. 1881, section 3295), provides that: ''Such survey, map, and census, when completed and verified, as aforesaid, shall be left at some convenient place within said territory, for examination by those having interest in said application, for a period of not less than twenty days.''

Section 4317 (R. S. 1881, section 3296), provides: That ''Such application shall be by petition, subscribed by the applicants, and also by not less than one-third of the whole number of qualified voters residing within such territory; and said petition shall set forth the boundaries thereof, the quantity of land embraced according to the survey, and the resident population therein contained, according to said census taken; and the said petition shall have attached thereto, or written thereupon, affi-

davits verifying the 'facts alleged therein; and it shall be presented at the time indicated in the notice of such application, or as soon thereafter as the board can receive and consider the same.''

'Section 4318 (R. S. 1881, section 3297) provides that: ''The board, * * in hearing such application, shall first require proof, either by affidavit or by oral examination of witnesses before them, that the said survey, map, and census were subject to examination in the manner and for the period required by section 3 of this act [section 3295]; and if said board be satisfied that the requirements of this act have been fully complied with, they shall then make an order, declaring that such territory shall, with the assent of the qualified voters thereof, as hereinafter provided, be an incorporated town, by the name specified in the application, * * * and they shall also include in such order a notice for a meeting of the qualified voters resident in said territory, at a convenient place therein, to be by them named, on some day within one month therefrom, to determine whether such territory shall be an incorporated town.''

The succeeding sections provide for the holding of the election, and if a majority of the voters favor the incorporation, on the report of that fact to the commissioners, who, if they are satisfied of the legality of the election, shall make an order declaring that said town has been incorporated, etc.

The first point made by appellant for a reversal is the introduction in evidence over appellant's objection of the affidavit of Frank Howard to prove the correctness of the census. The offer was to put in evidence the census of the resident population of the territory and the affidavit attached thereto. The appellant objected ''for the reason that there is no proof except the affidavit attached.'' That is not an objection to the introduction

of the affidavit in evidence, but it is an objection to the introduction of the census without additional proof of its correctness to that of the affidavit. Appellant now argues that the affidavit was incompetent evidence.

A party who objects to evidence must state the grounds of his objection particularly, and if the evidence is received over his objection he must, on appeal in this court, be confined to such specific objection. He can not, in this court, urge any other objection, however valid such new objection may be. *Torr* v. *Torr*, 20 Ind. 118; *Mugg* v. *Graves*, 22 Ind. 236; *Blasingame* v. *Blasingame*, 24 Ind. 86; *Schenck* v. *Butsch*, 32 Ind. 338; *Clem* v. *Martin*, 34 Ind. 341; *Leffler* v. *Rice*, 44 Ind. 103; *Farman* v. *Lauman*, 73 Ind. 568; *Grubbs* v. *Morris*, 103 Ind. 166; *Bundy* v. *Cunningham*, 107 Ind. 360.

The next point urged is that the trial court. erred in receiving in evidence, over appellant's objection, the affidavit of Newton W. Gilbert to prove the accuracy of the survey and map. We find no such affidavit in the record. On the page to which appellant's brief refers us for such affidavit we find the affidavit of Frank Myers, the surveyor of the county, verifying the correctness of the survey and map. The name of the notary public, before whom the affidavit was made, was Newton W. Gilbert. This we might regard as a mere clerical error in appellant's brief but for the fact that it appears the same way in the motion for a new trial. It does not assign the admission in evidence of any affidavit of Frank Myers, but does assign as one of the grounds therefor the reception in evidence of the affidavit of Newton W. Gilbert. As there was no such affidavit put in evidence, that ground of the motion for a new trial is unavailing.

The next point made for a reversal is that the trial court received in evidence, over appellant's objection, the affidavits of John W. Wagner, Alva J. Kimmel and

David Sing to prove the correctness of the facts stated in the petition, etc.

This alleged error was not made one of the grounds specified in the motion for a new trial. Being properly a cause for a new trial, if error at all, this court can not consider the same until it has been presented to and considered by the trial court on a motion for a new trial, because, by the failure to so present the question to the trial court, the error, if any, is waived. *Kernodle* v. *Gibson*, 114 Ind. 451; *Walls* v. *Anderson, etc., R. R. Co.*, 60 Ind. 56; *Bake, Exr.*, v. *Smiley, Admr.*, 84 Ind. 212; *Todd* v. *Jackson*, 75 Ind. 272.

We are, however, of opinion that the affidavits complained of as incompetent were competent evidence to establish, *prima facie*, the facts therein verified before the board of commissioners under the statute. The facts verified by them are all preliminary and jurisdictional, and not final. The establishment of all of them before the board does not secure the incorporation of the town. That can not be done until an election is held within the designated territory whereat all the qualified voters therein are entitled to vote on the question of incorporation, and until it is duly reported to the board, and verified by affidavit, that a majority of all the ballots cast were in favor of incorporation, the board can not incorporate the town. It would make no difference, then, whether the number of voters within the designated territory had been correctly stated in the verified petition or not. There is no good reason why the proof of the fact that the survey map and census were subject to examination at some convenient place within the territory for the time required, might be made either by affidavit or oral examination of witnesses, and all the other facts mentioned in the sections quoted should be required to be proven only by oral examination of witnesses. All such

other facts are required to be verified by affidavit attached to or written on the papers mentioned in the quoted sections. The correctness of the map and survey and census is required to be verified by affidavit written thereon or annexed thereto. But the deposit of these papers at a convenient place within the territory for examination for the required length of time is an act of itself which does not consist of any writing or paper. But it was such an act as the Legislature thought ought to be supported by proof, as in the case of the other acts or facts mentioned in the statute. So it was provided that such act or fact might be proven either by affidavit or oral examination of witnesses. The only reason this provision was not expressly extended to the other preliminary acts or facts to be proven was that it had already been provided that those things might be shown by affidavit.

The cause on appeal must be tried *de novo* in the circuit court. *Scraper* v. *Pipes*, 59 Ind. 158.

No good reason is perceived why these preliminary steps and jurisdictional facts may not be made to appear in the circuit court on the same kind of proof that was admissible before the board of commissioners.

The next point made by appellant is that the trial court erred in allowing the appellee to introduce in evidence on the trial the transcript of the record before the board of commissioners, filed in the circuit court by the appellant in taking the appeal from the order of the board in establishing the incorporation. This record was already before the court, and the introduction thereof in evidence was a harmless error. *Fulton* v. *Cummings*, 132 Ind. 453; *Bennett* v. *Meehan*, 83 Ind. 566; *Metty* v. *Marsh*, 124 Ind. 18; *Indianapolis, etc., R. W. Co.* v. *Bush*, 101 Ind. 582; *Manor* v. *Board, etc.*, 137 Ind. 367; *School Town of Monticello* v. *Grant*, 104 Ind. 168.

The Indiana Improvement Company v. Wagner et al.

It is next objected that the transcript shows that the map and census were not on deposit at a convenient place within the designated territory for the period of time required by the statute, because it is claimed that before the expiration of that time the same were filed before the commissioners, but the record does not show that fact.

It is next contended that the incorporation was illegal because there was some unplatted or farming lands within the limits of the map and survey. It is contended that the statute referred to does not authorize the incorporation of such lands within the boundaries of such incorporated town. There is nothing in the statute that lends any support to such contention. On the contrary, section 4317 (R. S. 1881, section 3296), already quoted, provides that the petition shall set forth the quantity of land embraced according to the survey, etc. This provision is hardly consistent with the idea that nothing but laid out lots and platted grounds could be embraced within the boundaries of the proposed incorporation.

At all events, taking the whole statute together, it is not susceptible of the construction that such lands may not be embraced within the boundaries of the proposed incorporation. Having carefully examined all the alleged errors complained of in appellant's brief, we find none of them available to reverse the judgment.

The judgment is affirmed.

Filed Sept. 19, 1894.