AETNA INSURANCE COMPANY *v.* STROUT.

[No. 1,680. Filed October 13, 1896.]

INSURANCE.— *Action on Policy.— Complaint.*—A complaint in an action on an insurance policy is not bad for a failure to directly aver the consideration and time of expiration of the policy, where the policy itself is made a proper exhibit. *p. 161.*

SAME.—*Proof of Loss.—Waiver.*—A denial by an insurance company of all liability on an insurance policy, operates as a waiver of the requirement for proof of loss. *p. 161.*

SAME.—*Construction of Policy.*—Where an insurance policy is so drawn as to be fairly susceptible of two different constructions, that construction will be adopted which is most favorable to the insured. *p. 162.*

SAME.—*Construction of Policy.*—A policy of insurance covering a certain specified building, a boiler and engine "while contained in above described building," and certain machinery, tools, and patterns, covers the patterns insured even though they were not in the building at the time they were burned. *p. 162.*

SAME.—*Parol Evidence.*— In an action on a fire insurance policy, parol evidence is admissible to identify the property covered. *p. 163.*

APPEAL AND ERROR.—*Evidence.*—Objections to the admission of evidence, not stated at the time it was objected to, cannot be urged on appeal. *p. 163.*

INSURANCE.—*Evidence.*—In an action on an insurance policy, where a greater loss is proved than was at first claimed, the insured may explain the discrepency by showing that his first claim was made through a misunderstanding as to the construction of the policy. *p. 164.*

From the Lawrence Circuit Court. *Affirmed.*

*Newton Crooke, F. A. Crooke, S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellant.

*J. H. Willard,* for appellee.

GAVIN, J.—Appellee recovered judgment for the value of certain patterns destroyed by fire and covered by an insurance policy issued by appellant.

The complaint was not bad for the want of a direct averment of the consideration and time of expiration of the policy. The policy itself was made a proper exhibit and supplied both these facts. *Jaqua* v. *Woodbury*, 3 Ind. App. 289; *Reynolds* v. *Baldwin*, 93 Ind. 57.

The complaint alleged that after notice the company's agent and adjuster investigated the circumstances attending the loss, and the "defendant" then denied all liability "to plaintiff on account of said loss and refused to pay the same, or any part thereof, and informed plaintiff that she could not make any proof of loss for the same," by reason whereof no proofs were made. Such a denial of liability operates as a waiver of the proofs. *Continental Ins. Co.* v. *Chew;* 11 Ind. App. 330; *Bowlus* v. *Phenix Ins. Co.*, 133 Ind. 106, 20 L. R. A. 400; *Commercial, etc., Assurance Co.* v. *State, ex rel.*, 113 Ind. 331.

The principal question in the case arises upon the construction of that part of the policy which describes the property. The policy reads: "To an amount not exceeding two thousand dollars ($2,000.00) on the following described property while located and contained as described herein and not elsewhere, to-wit: Seven hundred and fifty dollars on her one-story framed, metal roofed building, belonging to assured and situate on lot No. 6, in Noye's addition to the city of Bedford, Indiana; $250.00 on boiler and engine, while contained in above described building; $1,000.00 on machinery and tools, consisting of two drill presses, three lathes, one planer, one blower, one emery stone and frame, and belting for machinery, and patterns and other tools."

The patterns were burned while in the pattern house, and not in the building described above.

It is contended by appellant that the patterns covered by the policy are only those in the brick building described and while therein. Appellee, on the other hand insists that there is in the policy no limitation as to the location of the patterns.

The rule for the construction of such contracts as this is thus expressed in the case of *Imperial Fire Ins. Co.* v. *Coos County*, 151 U. S. 452: "It is settled, as laid down by this court in *Thompson* v. *Phenix Ins. Co.*, 136 U. S. 287, that, when an insurance contract is so drawn as to be ambiguous, or to require interpretation, or to be fairly susceptible of two different constructions, so that reasonably intelligent men on reading the contract would honestly differ as to the meaning thereof, that construction will be adopted which is most favorable to the insured." This rule governs in our own State. *Penn Mut. Life Ins. Co.* v. *Wiler*, 100 Ind. 92; *Rogers* v. *Phenix Ins. Co.*, 121 Ind. 570; *Standard, etc., Ins. Co.* v. *Martin, Admr.*, 133 Ind. 376; *Indiana, etc., Ins. Co.* v. *Rundell, Admr.*, 7 Ind. App. 426.

We are of opinion that the clauses of the policy under consideration were clearly susceptible, at least, of the interpretation placed thereon by the trial court that they did not limit the insurance on the patterns to such as were, when burned, in the building mentioned, because there was no place described as the location of these articles. We would not be justified in saying that the only construction reasonably permissible is to carry forward the words "while contained in above described building," which define and limit the location of the engine and boiler and apply them by implication to the subsequent clause.

The case of *Hews* v. *Atlas Ins. Co.*, 126 Mass. 389, dif-

fers from this in the order of the wording of the phrases in the policy, and we cannot, in harmony with the principles of law above announced, extend it so far as to cover this case.

The special finding of facts sustains the complaint in all material features, and is amply sufficient to support the conclusions of law. In the third finding it fully appears that the patterns burned were those insured.

Although there is conflict in the evidence as to some points, there is some evidence fairly sustaining the findings in all their essential features.

That appellant's agent, when soliciting the insurance, informed appellee that the Germania Insurance Company, which already had a policy upon appellee's property for like amount with this, had ordered it canceled, or that this policy was similar to the one in suit, save that "pattern and other tools" was added to the latter, could not throw any light upon the construction of this policy, which did cover "patterns." These facts do not meet, limit, explain, or modify any-. thing proved by appellee. If there was any error in the rejection of this evidence it was entirely harmless.

Appellee was permitted to prove that when appellant's agent solicited the insurance he spoke about patterns, and they were pointed out to him. In this was no error. Parol evidence is admissible to identify the subject-matter of a contract. *Koehring* v. *Aultman, etc., Co.,* 7 Ind. App. 475; *Burns* v. *Harris,* 66 Ind. 536; *Weber* v. *Illing,* 66 Wis. 79, 27 N. W. 834; *Ganson* v. *Madigan,* 15 Wis. 158; 2 Pars. on Cont., *page 549.

No other objection was presented to the court below than that this evidence was in contradiction of the written contract. Appellant cannot now be heard to question the agency of the solicitor. It is here con-

fined to those grounds of objection to which the trial court's attention was called. *Indiana Imp. Co.* v. *Wagner,* 138 Ind. 658.

Appellee first claimed $350.00 on account of the loss of the patterns. She afterwards asked and proved $900.00 as the sum required to make good her loss. There was no error in allowing her to explain the discrepancy by showing that when the first claim was made she believed that according to law the $1,000.00 insurance must be apportioned to the several articles covered thereby, according to their relative value.

After consideration of all the questions discussed by counsel, we do not find any just cause for reversal.

Judgment affirmed.