Edwards v. Wisconsin Investment Co. 124 Wis. 315.

EDWARDS, Appellant, vs. WISCONSIN INVESTMENT COMPANY, Respondent.

*February 2—February 21, 1905.*

*Sale: Property included: Chattel mortgage: Parol evidence to explain bill of sale.*

1. A bill of sale of property described as "a complete sawmill, consisting of [certain specified articles], together with all equipments and everything pertaining thereto or in any way con-

nected therewith," contained also the statement that the sale was made by virtue of a chattel mortgage "which covers the property which is sold or evidenced by this bill of sale." The description in the mortgage was substantially the same as in the bill of sale. *Held,* that the reference in the bill of sale to the mortgage did not restrict the property conveyed to that actually covered by the mortgage, so as to exclude equipment added to the mill after the mortgage was given.

2. Parol evidence of extrinsic facts was admissible in such case to show whether or not a bull chain and attachments, leased to the mortgagor after the mortgage was given and by him set up on the premises for use in connection with the mill, were included in the property described in the bill of sale.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

The defendant, a corporation, was engaged in a general loan business, and had obtained by assignment a mortgage upon certain property, described in the instrument as follows:

"A complete sawmill, consisting of one Brumard engine, carriage, rotary and husks, live rolls and edger, carriage and chains, one boiler, smokestack, together with all the equipments and everything appertaining thereto or in any way connected therewith . . . which said property . . . is now free and clear from any prior lien or incumbrance."

This mortgage was executed on October 28, 1901. On March 1, 1902, Raarup Bros. leased to the mortgagor a bull chain, with shafting and belting, used for hauling logs out of the water up to the saw. About the 1st of February, 1904, Mr. John F. Dufur, president, treasurer, and general manager of the defendant company, entered into negotiations with the plaintiff for the sale of the mill property. Plaintiff, at the request of Dufur, examined the mill property, and found the bull chain on the mill premises set up for use in connection with the property covered by the chattel mortgage. On February 16, 1904, Dufur executed a bill of sale, and left it with one Younker to be delivered to the plaintiff on payment of $250, the agreed price. Plaintiff, some weeks afterward,

paid the purchase price and received the bill of sale, which contains the following description of the property:

"A complete sawmill, consisting of one Brumard engine, carriage, rotary, husks, live rolls and edger, carriage chains, etc., one boiler, smokestack, together with all equipments and everything pertaining thereto or in any way connected therewith."

The bill of sale also contains the following:

"This sale is by virtue of a certain chattel mortgage, a copy of which is hereto annexed, and said sale is made in accordance with said mortgage, which . . . and covers the property which is sold or evidenced by this bill of sale."

Plaintiff had gone into possession of the property before he had obtained the bill of sale. Two days after receiving the bill of sale plaintiff was informed by one of the Raarup brothers of their ownership of the bull chain and the belting and shafting connecting it with the engine, and he paid them $125 for title to the property which was covered by their lease.

This action is brought under the bill of sale to recover the money so paid by plaintiff, and is founded on a breach of the warranty of title to the bull chain and the belting and shafting connecting it with the engine. The action was commenced in the municipal court for Ashland county, and resulted in a judgment for plaintiff. On the trial *de novo* in the circuit court, to which defendant appealed, plaintiff attempted to introduce evidence to the effect that the bull chain and attachments were included in the purchase and were covered by the description in the bill of sale, but the court rejected such evidence and held that no parol proof could be received to explain the terms of the bill of sale. At the conclusion of plaintiff's evidence, on defendant's motion, plaintiff was nonsuited and a judgment dismissing the action and for costs was entered in favor of defendant. This is an appeal from such judgment.

For the appellant there was a brief by *Sanborn, Lamoreux & Pray,* and oral argument by *A. W. Sanborn.*

For the respondent there was a brief by *Tomkins, Tomkins & Garvin,* and oral argument by *W. M. Tomkins.*

SIEBECKER, J.   The question at issue between the parties is whether the bill of sale transferring "a complete sawmill, consisting of" specified parts and articles designated, "together with all equipments and everything pertaining thereto or in any way connected therewith," includes the articles described as a bull chain and the accompanying belts and gearing.   The bill of sale contained the provision that:

"This sale is by virtue of a certain chattel mortgage, a copy of which is hereto attached, and said sale is made in accordance with said mortgage, which mortgage is on file in the office of the city clerk of the city of Ashland, Wisconsin, and covers the property which is sold or evidenced by this bill of sale."

It appears that the description in the bill of sale, besides including the parts of the sawmill covered by the chattel mortgage, may, if such be shown to have been the intention of the parties, include the bull chain and attachments which were connected with and used as part of the sawmill after the mortgage had been given but before the bill of sale had been executed.   The court ruled that the provision of the bill of sale referring to the chattel mortgage operated as a limitation upon the prior provision, and limited the property actually sold to such articles as were covered by the chattel mortgage. We think this view conflicts with the intent of the parties as expressed in the instrument.   The rule is that the provisions of an instrument transferring property must be construed most strongly against the vendor.   If we give to the language of the provision describing the property conveyed its natural and ordinary significance, and seek to give the chattel mortgage clause a reasonable meaning in harmony with it, we are led to the conclusion that the property conveyed by the bill of

sale was not restricted to that which defendant might acquire under the mortgage. The reference to the chattel mortgage was evidently calculated to assure the vendee that the vendor had good title to all the property sold.

This leads us to the first inquiry suggested: Does the property described include the bull chain and attachments? The description of the property sold, besides enumerating some of the articles as parts of the sawmill, uses the language, "A complete sawmill," consisting of the specified articles, "together with all the equipments and everything pertaining thereto or in any way connected therewith" and located on the premises. We cannot determine, without the aid of extrinsic evidence, whether the bull chain and attachments were or were not a part of the "complete sawmill," or whether it was intended to include them in the description, "all the equipments and everything pertaining thereto or in any way connected therewith." The rule is well established that if terms are used in a transfer of personal property which show on their face that reference must be made to extrinsic facts to ascertain the intent of the parties, then such terms may be explained, or the property identified, by parol proof of the surrounding facts and circumstances. *Ganson v. Madigan,* 9 Wis. 146; *Weber v. Illing,* 66 Wis. 79, 27 N. W. 834; *Smith v. Coleman,* 77 Wis. 343, 46 N. W. 664; *Rib River L. Co. v. Ogilvie,* 113 Wis. 482, 89 N. W. 483; *Excelsior W. M. Co. v. Messinger,* 116 Wis. 549, 93 N. W. 459. It is therefore necessary to resort to the facts of and the circumstances surrounding the transaction to determine the dispute between the parties.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.