## HARRIS v. MARTINDALE ET AL.

[No. 6,247. Filed December 17, 1908.]

1. MUNICIPAL CORPORATIONS. — *Towns.* — *Incorporation.—Territory Included.*—Since the statute providing for the incorporation of towns (§§8975-8983 Burns 1908, Acts 1905, p. 219, §§1-9) fails to prescribe rules · as to boundaries, unplatted out-lots and agricultural lands, with reasonable restrictions, may be included within the corporate limits thereof. p. 634.

2. SAME.—*Towns.—Territory Included Within Corporate Limits.*— Out-lots or agricultural lands to be incorporated within the limits of a town must be such as could be properly used for lots or town property, or for some other appropriate town use. p. 635.

3. SAME.—*Towns.—Incorporation of Unplatted Land.*—Where the projectors of a town include within the proposed corporate limits the platted lots, exclude an adjoining strip of unplatted land, and include an unplatted field adjoining such strip, but not adjoining any platted land, and there is no showing that such field is desired for any town use, the inclusion of such field is unjustifiable. p. 635.

From Wayne Circuit Court; *Jonathan W. Newman,* Special Judge.

Petition by Eden S. Martindale and others, for the incorporation of a town, to which Alonzo M. Harris objects. From a judgment for petitioners, defendant appeals. *Reversed.*

*John L. Rupe, Thomas J. Study* and *Addison C. Harris,* for appellant.

*Thomas R. Jessup* and *Wilfred Jessup,* for appellees.

HADLEY, J.—This was an action for the incorporation of a town, under the act of the General Assembly of 1905, concerning municipal corporations. §§8975-8983 Burns 1908, Acts 1905, p. 219, §§1-9.

Objections to the notice and proof of the same, the map and survey, and other preliminary matters, were filed before the board of commissioners at the inception of the proceedings. These objections were overruled and further proceed-

ings were had, by which an election was held, and the incorporation of the town ordered by the board. Appeal was taken to the circuit court, where the case was tried and judgment rendered in favor of appellees and in favor of the incorporation of the town. This appeal is taken from this judgment.

Many questions are urged on this appeal. In our view of the case we deem it necessary to consider but one of them. The persons directing the survey, in order to exclude the public schoolhouse from the corporation, ran the boundaries of the town so that a strip of land, 202 feet wide along the west side of appellant's land and adjoining the platted lots of the town, was excluded from the corporate limits, and a tract containing about six acres, adjoining and lying east of this strip, was included. The tract thus included lay north and abutted on the turnpike that constituted the main thoroughfare of the town, was a pasture, had never been used as town property, or platted or offered for sale in lots. At no point did it touch any portion of the platted portion of the town, or the business or residential district, but was separated therefrom by land outside of the corporate limits. It was not shown that this field was necessary or desirable for town uses or town purposes. Greens Fork is an old town, and it is shown that there has been no material growth, either in business or population, in fifty years.

The statute for the incorporation of towns does not prescribe any rules by which the boundaries of such corporations shall be determined. In the absence of such

1. provisions, then, unplatted out-lots and lands used for agricultural purpose may, within reasonable limitations and restrictions, be included within the corporate limits. §4426 Burns 1901, §3389 R. S. 1881. See, also, §§8896, 8897 Burns 1908, Acts 1905, pp. 219, 383, §§242, 243; *Indiana Improvement Co.* v. *Wagner* (1894), 138 Ind. 658; *Vestal* v. *City of Little Rock* (1891), 54 Ark. 321, 15 S. W.

891, 16 S. W. 291, 11 L. R. A. 778; *Elston* v. *Board, etc.* (1863), 20 Ind. 272.

But such lands should be contiguous to some portion of the town, and not separated from it by land outside of the corporate limits (*Vestal* v. *City of Little Rock, supra*),

2. and should be salable in smaller lots or parcels as town property, or valuable by reason of their adaptability to town uses, or requisite or desirable to furnish premises for business or dwelling-houses for the inhabitants, as in the case of a growing town, or be necessary for a proper town pur-, pose, as for extension of streets, or for sewer, light, gas or waterworks system, or other public utility, or other necessary demands of the town. *Vestal* v. *City of Little Rock, supra; People, ex rel.,* v. *Bennett* (1874), 29 Mich. 451, 18 Am. Rep. 111; *Cheaney* v. *Hooser* (1848), 9 B. Mon. (Ky.) 330; *City of Covington* v. *Southgate* (1854), 15 B. Mon. (Ky.) 491; *Morford* v. *Unger* (1859), 8 Iowa 82; *City of New Orleans* v. *Michoud* (1855), 10 La. Ann. 763; *Bradshaw* v. *City of Omaha* (1869), 1 Neb. 16; *State, ex rel.,* v. *Mote* (1896), 48 Neb. 683, 67 N. W. 810; *State, ex rel.,* v. *Dimond* (1895), 44 Neb. 154, 62 N. W. 498; *State, ex rel.,* v. *Minnetonka Village* (1894), 57 Minn. 526, 59 N. W. 972, 25 L. R. A. 755.

Appellant's land is not shown to be within any of the requirements just stated. He has no need of town government, and the town has no need of his land. Under the facts

3. in this case the town could have rendered him no compensation for the taxes it required of him. As is said in *Cheaney* v. *Hooser, supra,* at page 347: "Such an act, though on its face simply extending the limits of a town, and presumptively a legitimate exercise of power for that purpose, would in reality when applied to the facts, be nothing more or less than an authority to the town to tax the land to a certain distance outside of its limits, and in effect to take the money of the proprietor for its own use without compensation to him."

The boundary lines exhibited by the map clearly show that the persons directing the incorporation proceedings were more interested in excluding the schoolhouse, which might be an expense, from their boundaries, and including appellant's land, which would be a source of revenue, than they were in the symmetry of their corporate limits, or the needs and demands, present or prospective, of their town.

The inclusion of appellant's land within the boundary lines, under the facts shown, was an unwarranted and unreasonable exercise of the power conferred by the statute.

Judgment reversed.